JOSEPH R. NOVAK, Indiv. and as Adm'r of the Estate of Geraldine M. Novak, Deceased, Plaintiff-Appellee, *v.* LOUIS E. THIES *et al.*, Defendants-Appellants.—(GEORGE E. SIMONS, JR., *et al.*, Defendants.)

First District (3rd Division)    No. 79-1315

Opinion filed October 29, 1980.

Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., and John P. Callahan, Jr., of Brady, McQueen, Martin, Callahan & Collins, both of Chicago, for appellants.

James T. Demos, Ltd., of Chicago (William J. Harte, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

In this personal injury and wrongful death action, a verdict was returned and judgment entered in favor of plaintiff Joseph R. Novak, administrator of the estate of Geraldine M. Novak, deceased, and against defendants Louis E. Thies and Betty S. Woodward. Defendants contend that the judgment should be reversed because venue did not lie in Cook County and plaintiff did not allege or prove that he had the proper capacity to sue. We affirm.

Decedent was a passenger on a Yamaha motorcycle driven by defendant Thies. The motorcycle collided with an automobile driven by defendant Woodward in Du Page County. As a result of the collision, decedent sustained personal injuries from which she subsequently died. Letters of administration were filed in Du Page County appointing plaintiff Joseph R. Novak as the administrator of decedent's estate. Thereafter, plaintiff filed this suit against Thies, Woodward and Yamaha International Corporation. Each of them filed an appearance and answer to the complaint; no motion to transfer to another venue was made. (See Ill. Rev. Stat. 1977, ch. 110, par. 8(2).) The case proceeded to trial against all three defendants. After the close of plaintiff's case, Yamaha moved for a directed verdict, and the motion was granted over plaintiff's objection. Immediately after Yamaha's motion was granted, defendants moved to transfer the case to Du Page or Kane County, alleging that venue did not lie in Cook County. Defendants argued that they are not residents of Cook County, the action did not take place in Cook County, and plaintiff named Yamaha as a defendant in bad faith, solely for the purpose of fixing venue in Cook County. The motion for change of venue was

denied. Defendants then proceeded to trial on the merits which resulted in the verdict and judgment in favor of plaintiff.

■■ Defendants' contention that the judgment should be reversed because of improper venue is untenable for several reasons. First, they proceeded to trial on the merits without renewing their motion for change of venue at the close of all the evidence. Section 9 of the Civil Practice Act provides that where there are different defendants in different counties and a "timely motion to transfer is made by a defendant not residing in the county, the overruling of the motion is not ground for reversal if he proceeds to trial on the merits, unless he renews his motion at the close of all the evidence ° ° ° ." (Ill. Rev. Stat. 1977, ch. 110, par. 9.) Thus, even if we assume that defendants' motion for change of venue was timely, the ruling on the motion is not a ground for reversal in this case.

In addition, the record does not establish that the trial court erred in denying the motion for change of venue on its merits. At the time of the occurrence, Thies was driving a Yamaha motorcycle which collided with an automobile being driven by Woodward. Plaintiff's theory against Yamaha, as set forth in the complaint, was that the braking system on the motorcycle "was so designed that the maximum braking power could not be applied by the operator without said operator losing control of said motorcycle" and that "this unreasonably dangerous and defective condition heretofore mentioned, was present at the time said motorcycle left the control of Yamaha International Corporation." One of plaintiff's theories against Thies was that he "did not attempt to apply full braking pressure to the aforesaid motorcycle" and therefore collided with the Woodward automobile. Judging from the manner in which this incident occurred, we do not believe that plaintiff's alternative theory regarding the Yamaha motorcycle was founded on bad faith.

■■ Defendants claim that bad faith was established because plaintiff did not introduce any evidence against Yamaha other than the accident itself and the fact that a Yamaha motorcycle was involved in the occurrence. However, this could have been the result of a flexible trial strategy by plaintiff's counsel. During the course of a trial, depending on the testimony elicited and the development of the evidence, counsel may wish to forego the introduction of direct evidence against a particular party where multiple parties are involved. This does not mean that the particular party was joined in bad faith.

■■ Also, the mere direction of a verdict in favor of a particular defendant does not demonstrate that the party was joined as a defendant in bad faith. Here, the trial judge did not find that Yamaha was joined as a defendant in bad faith. Moreover, Yamaha did not file a section 41 motion relating to untrue allegations (Ill. Rev. Stat. 1977, ch. 110, par. 41), and it

did not file a motion for summary judgment (Ill. Rev. Stat. 1977, ch. 110, par. 57). Under the circumstances, defendants' contention that the judgment should be reversed because Yamaha was joined as a defendant in bad faith is untenable.

Defendants next contend that the judgment must be reversed because none of the numbered paragraphs in the complaint state that Joseph R. Novak is the administrator of the estate of decedent and because no evidence was introduced during the trial that he is the administrator of decedent's estate. Defendants, however, do not dispute or challenge that plaintiff is the proper administrator of decedent's estate.

■■ ■ Defendants' argument that the complaint does not allege that Novak is the administrator of the estate of decedent is without merit. Defendants failed to object to this alleged pleading defect at trial, and it is therefore waived. (Ill. Rev. Stat. 1977, ch. 110, par. 42(3).) In addition, the caption of the complaint names "Joseph R. Novak, Administrator of the Estate of Geraldine M. Novak, Deceased" as plaintiff. In the body of the complaint, the introductory paragraph of each count begins "Now comes the Plaintiff, Joseph R. Novak, Administrator of the Estate of Geraldine M. Novak, Deceased * * *." In *Federal Insurance Co. v. Ainsworth* (1961), 31 Ill. App. 2d 19, 175 N.E.2d 804 (abstract), the court held that the designation of plaintiff's status in the introductory paragraph of the complaint constitutes a sufficient designation of the plaintiff's requisite capacity to sue within "the body of his pleading." (See also *County of Winnebago v. Willsey* (1970), 122 Ill. App. 2d 149, 153, 258 N.E.2d 138, 140.) We agree with this conclusion. Consequently, we do not believe there is merit to defendants' argument.

■■ Defendants' next contention that the judgment must be reversed because plaintiff failed to prove that Novak is the administrator of decedent's estate is equally unavailing. In this regard, the jury instructions and verdict forms identified plaintiff as the administrator of decedent's estate and as the person bringing the action. Although plaintiff did not testify and the letters of administration were not offered in evidence at trial, plaintiff was given leave to file the letters of administration after the judgment was entered.

Under the circumstances, defendants' arguments would have us overlook what the record clearly establishes, *viz.*, plaintiff is the duly appointed administrator of decedent's estate and has the requisite capacity to sue. Moreover, it is clear that the case was tried on this basis without objection. Where the record clearly shows that plaintiff is the duly appointed administrator with the requisite capacity to sue and the right of plaintiff to sue as administrator has not been put in issue by plea, it is not significant whether proof of this fact is made before, during or

after trial. (See *Union Railway & Transit Co. v. Shacklet* (1887), 119 Ill. 232, 238, 10 N.E. 896, 900.) There is therefore no merit to defendants' argument.

Accordingly, the judgment is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.