SUSAN M. NORRIS *et al.*, Petitioners-Appellants, v. ESTATE OF MARY NORRIS, Respondent-Appellee.

First District (2nd Division)   No. 85—1166

Opinion filed May 13, 1986.

Bell, Boyd & Lloyd, of Chicago (Francis J. Higgins, John J. Verscaj, and W. E. Whittington IV, of counsel), for appellants.

Kenneth E. Scranton, Ltd., Richard L. Manning, and Concannon, Dillon & Morton, all of Chicago (Kenneth E. Scranton, William R. Dillon, and John B. Dillon, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

The petitioners are beneficiaries of a testamentary trust under the estate of Mary Norris. They sued the respondent, William Wirtz, as executor of the estate and trustee of the residuary trust. The petitioners filed their complaint as a supplementary proceeding arising out of the estate. Mary Norris' estate had been closed before the petitioners brought their complaint, however. After learning that the estate had been closed, the petitioners requested to have it reopened. They later withdrew their petition to reopen the estate but left standing their supplementary complaint. The trial court dismissed the complaint, and the petitioners appealed. On appeal, this court determined that although the trial judge had acted properly in dismissing the petitioners' complaint, his order was ambiguous in that it failed to specify whether the dismissal was with or without prejudice. On remand, the trial court held that the dismissal was with prejudice. Petitioners now appeal once again, claiming that their complaint should have been dismissed without prejudice.

Petitioner Susan Norris is the daughter of James and Mary Norris. The second petitioner, Valerie Kalas, is the sister of Mary Norris. Susan's father, James Norris, died in February 1966. James' will was admitted to probate in April 1966. Under the terms of the will, any property which remained after the closing of the estate was to be divided into two trusts, one for the benefit of Mary Norris (trust A) and the other for the benefit of Susan Norris (trust B). William Wirtz, the respondent in the present case, was appointed trustee of both trusts and executor of James' estate. Mary Norris was named co-executor.

Under the terms of the trusts set up in James Norris' will, William Wirtz had nearly unbridled discretion to invest the funds and distribute the income of the trusts to the beneficiaries. According to an action filed by Susan Norris in the Federal district court, Wirtz engaged in fraud and self-dealing in administering the trusts set up by her father's will. See *Norris v. Wirtz* (7th Cir. 1983), 719 F.2d 256, 258.

In his will, James Norris gave his widow, Mary Norris, a power of appointment over the assets of trust A. Mary died on January 3, 1976, and by her will, exercised the power of appointment. In her residuary clause, Mary devised the assets of trust A to William Wirtz, as trustee. The beneficiaries of the residuary trust were Susan Norris, Valerie Kalas, and Mary's brothers, George and Jerry Walenta. Wirtz was also named the sole executor of Mary Norris' estate.

On September 15, 1977, Wirtz filed a final account in the estate

of James Norris. This account reflected a transfer of assets from James Norris' estate to William Wirtz, as trustee of trust A.

Wirtz also filed accounts in the estate of Mary Norris. According to the petitioners, Wirtz never notified them that he was filing such accounts. On March 3, 1983, Wirtz filed a final account in the estate of Mary Norris, and the estate was closed and Wirtz discharged, all without notice to the petitioners.

Unaware that Mary Norris' estate had been closed, the petitioners filed a supplementary complaint arising out of the administration of the estate. This suit, filed on July 28, 1983, was brought pursuant to circuit court rule 12.1, which provides that an action to contest the admission or denial of a will, to construe a will, to enforce a contract to make a will, or to appoint a testamentary trustee shall be designated a supplementary proceeding and shall bear the same number as the estate to which it relates. Circuit court of Cook County rule 12.1(c).

In count I of the complaint, petitioners claimed that they had no knowledge of whether Wirtz had ever funded trust A. They also contended that Wirtz, in his capacity as executor of the estate of Mary Norris, failed to send them copies of the accounts that he had filed in the probate court and that he had never notified them of any proceedings conducted with regard to the estate. In fact, according to the petitioners, Wirtz never accounted to them at all for his administration of the estate during the entire seven years that he was executor. Petitioners alleged that Wirtz had breached his duty as executor of Mary Norris' estate, and they sought an order compelling Wirtz to account for his administration of the estate.

In count II of their supplementary complaint, the petitioners claimed that they had no knowledge of whether Wirtz had funded the residuary trusts of Mary Norris' estate. They also contended that Wirtz had failed, with only one exception, to pay any income to the beneficiaries of the residuary trusts in accordance with the terms of Mary Norris' will. The will provided that the income and principal from the trusts should be paid to the beneficiaries for their comfortable care and maintenance. According to the petitioners, despite numerous requests, only Valerie Kalas had received any payment. Petitioners claimed further that Wirtz had breached his fiduciary duty as trustee because he failed to seek an accounting from the executor of the estate, he failed to exercise reasonable care and diligence in the administration of the trust assets, and he failed to render an accounting to the trust beneficiaries. Petitioners prayed for sanctions against Wirtz and for an order compelling him to fund the residuary trusts,

pay income from the trusts to the beneficiaries, and render an accounting to the beneficiaries.

When he received the supplementary complaint, the presiding judge of the probate division informed the petitioners that Mary Norris' estate had been closed. Accordingly, on September 12, 1983, the petitioners filed a petition to reopen the estate pursuant to section 24—9 of the Probate Act of 1975. (Ill. Rev. Stat. 1983, ch. 110½, par. 24—9.) Wirtz requested a bill of particulars with regard to the petition to reopen the estate, and the petitioners provided one. Incorporated into the bill of particulars was the petitioners' supplementary complaint. The complaint was attached as an exhibit and made part of the bill of particulars.

On November 3, 1983, the petitioners filed a document entitled "Withdrawal of Petition to Reopen Estate." This document simply recited that the petitioners were withdrawing their petition since a portion of the relief they sought had been obtained.

On November 9, 1983, Wirtz filed a motion to dismiss the petition to reopen the estate and the petitioners' supplementary complaint as well. In response to Wirtz' motion to dismiss, the petitioners contended that the court could not dismiss their petition to reopen the estate since they had already withdrawn it. They also claimed that since Mary Norris' estate had been closed, their complaint against Wirtz was a nullity and should simply be ignored by the court as if it had never existed.

The court heard arguments on Wirtz' motion on November 15, 1983, and determined that the petitioners had effectively withdrawn their petition to reopen the estate. The court held further that the petitioners' supplementary complaint could not be treated as if it had never been filed. Instead, the court dismissed the complaint for "bookkeeping purposes." Although the judge observed that he did not wish to dismiss petitioners' complaint with prejudice, his order simply recited that the case was dismissed. It was silent on the subject of prejudice.

Petitioners appealed the trial court's order dismissing their complaint. On appeal, the petitioners contended that since their supplementary complaint was attached to nothing, there was no need for the trial court to have dismissed it. They argued that their complaint was a nullity and should have been treated by the court below as if it had never been filed. Alternatively, the petitioners urged that if their complaint was capable of being dismissed, the dismissal should have been without prejudice.

This court held, in a Rule 23 order, that the petitioners' supple-

mentary complaint was not a nullity from its inception. Rather, it was capable of being dismissed, and the trial court had not abused its discretion in doing so. This court then remanded the case, not for purposes of modification, but only so the trial judge could clarify his order and specify whether the petitioners' complaint was dismissed with or without prejudice.

On remand, the trial court determined that the petitioners' complaint had been dismissed with prejudice. To support this decision, the judge said that the petitioners, as beneficiaries of a testamentary trust, were not entitled to "notice." Presumably, the judge was referring to notice of the executor's accounts filed in probate court. It was the trial judge's conviction that only the trustee of a testamentary trust was entitled to notice. Consequently, the judge concluded that the petitioners' action should not have been before the court.

Petitioners now appeal from the trial court's order dismissing their supplementary complaint with prejudice.

■ On appeal, the petitioners contend that their complaint should not have been dismissed with prejudice. The respondent, William Wirtz, claims that the petitioners are precluded by the doctrine of the law of the case from making this argument on appeal. According to Wirtz, this court, in its Rule 23 order, determined that the supplementary complaint had been properly dismissed with prejudice. Consequently, Wirtz argues, the petitioners are estopped from raising this issue for re-examination.

Wirtz' argument lacks merit. It is true that questions settled by an appellate court on review will not be considered in a second appeal of the same cause. (*People ex rel. Kastning v. Militzer* (1921), 301 Ill. 284, 287, 133 N.E. 761.) Moreover, simply because the former appeal was disposed of in a Rule 23 order does not diminish the fact that, on the issues raised, it becomes the law of the case. *Bradley v. Howard Hembrough Volkswagen, Inc.* (1980), 89 Ill. App. 3d 121, 124, 411 N.E.2d 535.

It is clear, in the present situation, that this court's Rule 23 order is the law of the case for the purpose of a second appeal. However, in the first appeal, this court did not dispose of the question of whether the petitioners' complaint was properly dismissed with prejudice. Rather, in its previous order, this court held that there was a complaint before the trial judge capable of being dismissed and that the judge did not abuse his discretion in dismissing it. The cause was remanded with instructions for the judge to specify whether he was dismissing the complaint with or without prejudice. The petitioners now raise the distinct issue of whether a dismissal with prejudice was

proper.

■ The trial judge stated on remand that he dismissed the petitioners' complaint with prejudice because the petitioners, as trust beneficiaries, were not entitled to notice of probate proceedings. According to the petitioners, the judge misconstrued the law with regard to persons entitled to notice of proceedings in the probate court. Petitioners are correct in their contention.

Section 24—2 of the Probate Act of 1975 provides the following:

"Notice of the hearing on any account of a representative of a decedent's estate shall be given as the court directs to unpaid creditors and to every person entitled to a share of the estate who has not received that share in full. If the account is approved by the court upon the hearing, in the absence of fraud, accident or mistake, the account as approved is binding upon all persons to whom the notice was given. No notice need be given to any person from whom a receipt in full is exhibited to the court or who waives notice." Ill. Rev. Stat. 1983, ch. 110½, par. 24—2.

The petitioners in the present case, as the beneficiaries of a residuary trust, are persons entitled to a share of the estate. It is true that the trustee is the person to whom the trust property is devised, but the beneficiaries are the true parties in interest. Additionally, by the terms of Mary Norris' will, the trust beneficiaries were to be paid income from the trust for their care and maintenance. This income is a share in the estate entitling the petitioners to notice under section 24—2.

Furthermore, in *In re Estate of Provus* (1975), 30 Ill. App. 3d 378, 381, 332 N.E.2d 759, the court determined that trust beneficiaries are interested parties who have standing to object to the administration of an estate. If trust beneficiaries have standing to challenge the administration of the estate, then it follows that they are also entitled to notice of probate proceedings. Without notice or knowledge of the administrator's actions, the beneficiaries would be unable to formulate an objection, and their right to protest would be illusory.

■ Since the petitioners were entitled to notice of probate proceedings, the trial court's reasoning does not justify a dismissal of petitioners' complaint with prejudice. In fact, the supplementary complaint should have been dismissed without prejudice for lack of subject matter jurisdiction.

The trial court lacked subject matter jurisdiction to hear petitioners' complaint because the petitioners had withdrawn their petition to reopen the estate of Mary Norris. The complaint was a supplementary

proceeding arising out of the administration of an estate. When the petitioners withdrew their request to reopen the estate, the "lifeline" supporting their supplementary complaint was severed. An anomalous situation ensued, in which the complaint attached to an estate was before the court while the estate itself had been closed several months earlier.

■ In their supplementary complaint, the petitioners requested, among other things, that the court order William Wirtz to account for his administration of Mary Norris' estate. The court had already approved Wirtz' final account and discharged him as executor, however. Since the estate was closed, the petitioners were, in effect, asking the court to modify a final judgment more than 30 days after it was rendered. After the expiration of 30 days a court lacks jurisdiction to modify a final order. (*Elders v. Sears Roebuck & Co.* (1980), 82 Ill. App. 3d 995, 999, 403 N.E.2d 631.) Consequently, absent a petition to reopen the estate, the probate court had no power to entertain petitioners' supplementary complaint.

■ A dismissal for lack of subject matter jurisdiction should be without prejudice. The trial court's order of November 15, 1983, was silent on the subject of prejudice. Supreme Court Rule 273 provides that unless an order of dismissal or a statute otherwise specifies, an involuntary dismissal, other than dismissal for lack of jurisdiction, improper venue, or failure to join an indispensable party, operates as an adjudication on the merits. (87 Ill. 2d R. 273.) It is apparent from this rule that dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits. (See also *City of Geneseo v. Illinois Northern Utilities Co.* (1941), 378 Ill. 506, 513-14, 39 N.E.2d 26; *Style Builders, Inc. v. Fuernstahl* (1975), 32 Ill. App. 3d 272, 275-76, 336 N.E.2d 369.) Therefore, the petitioners' complaint should have been dismissed without prejudice.

In light of the foregoing, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.