JOHN K. SCHLOSSER *et al.*, Plaintiffs-Appellees, v. RUDOLPH O. SCHLOSSER, JR., Defendant-Appellant (Kurt Robert Schlosser *et al.*, Intervening Petitioners-Appellants).

First District (6th Division)   No. 1—90—0606

Opinion filed August 30, 1991.

944

Jon A. Duncan, of Chuhak & Tecson, of Chicago (Barry A. Feinberg, of counsel), for appellants.

Vincent J. Pascucci, of Pascucci & Associates, of Chicago, for appellees.

JUSTICE EGAN delivered the opinion of the court:

The plaintiffs, John K. Schlosser and David P. Schlosser, are the sons of Frank Schlosser and the grandchildren of Mildred Schlosser, who died in 1985. She had created an *inter vivos* trust in 1981 naming her son, Rudolph O. Schlosser, Jr., as trustee. The beneficiaries of the trust are Rudolph's children. The plaintiffs brought suit to set aside the trust alleging that in 1976 Mildred Schlosser had executed a will which divided her estate into equal shares for her two sons, Frank and Rudolph, and their decedents. The suit also alleged that Mildred lacked the mental capacity to know and understand the nature and effect of the trust instrument and that

the trust instrument was executed through the undue influence of Rudolph Schlosser. The caption of the complaint did not specify that Rudolph Schlosser was being sued as trustee. The trust beneficiaries were not named as defendants.

The defendant was served by abode service on January 20, 1987. He failed to appear or answer within 30 days of service, and a default order was entered on March 12, 1987. Judging from the absence of any motion in the record, we conclude that the default was entered without notice to the defendant. On the same day another order provided for a "prove-up" on April 24, 1987.

On April 10, 1987, attorney Manfred Walke filed a motion to dismiss the complaint on behalf of the defendant. A hearing was set for May 28 on the motion to dismiss; the order setting the hearing date also provided for a briefing schedule. Again judging from the absence of any motion in the record and the absence of the plaintiffs' attorney in court, we conclude that that order was entered without notice to the plaintiffs' attorney. On April 24, the plaintiffs' attorney asked for a continuance on the "prove-up" hearing until May 28. Neither the defendant nor Walke was present on that date. The record does not show whether any notice of the prove up date had been given them.

On May 28, 1987, neither Walke nor the defendant was present in court. The judge ruled that because there had been no appearance filed by the defendant, the motion had been "improperly filed" and would not be considered. He also heard evidence and entered an order setting aside the trust and ordering the trustee to account for all of the assets of the deceased which had come into his possession. The judge also added language under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) stating, "There is no just reason to delay the enforcement of this order or an appeal therefrom."

On April 14, 1988, the plaintiffs' complaint was dismissed for want of prosecution. The plaintiffs filed a motion to vacate the order of dismissal, but the motion was not served upon the defendant because, as the plaintiffs maintained, Circuit Court Rule 2.1 does not require service upon a party in default. On April 28, 1988, the judge vacated the order of dismissal.

On July 20, 1988, Manfred Walke was disbarred by the Illinois Supreme Court. Walke did not notify the defendant of his disbarment.

On April 13, 1989, the case was again dismissed for want of prosecution; however, the dismissal was again vacated without notice to the defendant, and the lawsuit was reinstated on May 3,

1989. On May 31, 1989, the plaintiffs' attorney sent a letter to Albert I. Zemel of the firm of Zemel & Shapiro, who had apparently written to the plaintiffs' attorney on May 25, 1989. The plaintiffs' attorney explained that a default judgment had been entered in May 1987.

On October 25, 1989, Zemel & Shapiro filed a petition for leave to intervene on behalf of the beneficiaries of the trust and a petition on behalf of the defendant and the beneficiaries to vacate the default judgment entered on May 28, 1987.

On January 30, 1990, the judge granted the plaintiffs' motion to strike and dismiss the defendant's petition to intervene and petition to vacate. The judge found that the petition had been filed more than two years after the default order and, therefore, the defendant could not attack the judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) On February 26, 1990, the judge denied the intervening petitioners' motion to reconsider the January 30, 1990, order.

The petitioners advance several grounds for reversal of the judgment: The beneficiaries of the trust were necessary parties and, therefore, failure to name them as parties renders the judgment void; the plaintiffs lacked standing to sue; the trial judge abused his discretion in ruling that their claim was time barred; the two-year limitation does not apply to a void judgment; and the two-year limitation period was tolled because one of the beneficiaries was a minor and because the plaintiffs fraudulently concealed the judgment. The petitioners have also argued that the judgment is not a bar to the defense by the trustee because the caption of the complaint did not identify the defendant as a trustee, but rather it named him as an individual.

■ We hold without extensive discussion that the failure to name the defendant as a trustee in the caption is not material. The body of the complaint makes it clear that the action is brought against the defendant as a trustee. (See *Tarpoff v. Karandjeff* (1959), 17 Ill. 2d 462, 162 N.E.2d 1; *Novak v. Thies* (1980), 89 Ill. App. 3d 991, 412 N.E.2d 666.) In like manner, we reject the petitioners' claim that the plaintiffs fraudulently concealed the judgment. The petitioners did not properly raise the argument in the trial court. We have examined the specific parts of the record to which the petitioners have directed us and conclude that they do not allege a claim for fraudulent concealment.

■ The principal issue is whether the beneficiaries were necessary parties. The plaintiffs agree that, if they were, the judgment is

void. If the judgment is void, the two-year limitation of section 2—1401(c) of the Code of Civil Procedure does not bar relief. *Village of Franklin Park v. Ogilvie* (1982), 106 Ill. App. 3d 301, 435 N.E.2d 1177.

■ The plaintiffs argued in the trial court and in this court that a beneficiary of a trust is never a necessary party. That argument is at odds with pronouncements of our supreme court in *Illinois National Bank v. Gwinn* (1945), 390 Ill. 345, 61 N.E.2d 249, and *Village of Lansing v. Sundstrom* (1942), 379 Ill. 121, 39 N.E.2d 987. In both cases the court held that beneficiaries of a trust are necessary parties to an action to foreclose their interest. However, as noted in *Village of Lansing*, beneficiaries are not necessary parties if their interests are represented by others so that they receive actual and efficient representation, or the beneficiaries are so numerous that the delay and expense of naming them are oppressive and burdensome. Neither exception is applicable in this case. There are only five beneficiaries, all of whom were related to and known to the plaintiffs. The plaintiffs have not alleged that joinder of those five beneficiaries would have been oppressive or burdensome. It should be obvious that the beneficiaries did not receive actual and efficient representation when the trustee, either personally or through his later-to-be-disbarred attorney, did not take appropriate steps to avoid a default or to follow the case in order to keep abreast of its status.

The plaintiffs rely on *Kerrison v. Stewart* (1876), 93 U.S. 155, 23 L. Ed. 843, which held that "it is well settled that [the] beneficiaries are not necessary parties to a suit by [the trustee] against a stranger to enforce the trust *** or to one by a stranger against [the trustee] to defeat it in whole or in part." (93 U.S. at 160, 23 L. Ed. at 845.) Decisions of the United States Supreme Court are not binding upon State courts unless the result is required by the United States Constitution. (*People v. Gillespie* (1990), 136 Ill. 2d 496, 557 N.E.2d 894.) The result in *Kerrison* is not required by the United States Constitution. Moreover, we note that *Kerrison* acknowledges that "cases may arise in which it would be proper to have before the court the beneficiaries themselves, or some one other than the trustee to represent their interests. They then become proper parties, and may be brought in or not, as the court in the exercise of its discretion may determine." (93 U.S. at 160, 23 L. Ed. at 845.) We conclude that, insofar as *Kerrison* may be contrary to the expressions of the supreme court of Illinois, we decline to follow *Kerrison*.

The plaintiffs also cite *Wollenberger v. Hoover* (1931), 346 Ill. 511, 179 N.E.42, for the proposition that beneficiaries are not necessary parties if the litigation does not concern the rights of the trustees and the beneficiaries "as between themselves." (346 Ill. at 576.) In that case the plaintiff was the president and 99% shareholder of Wollenberger and Company. He filed suit in an individual capacity alleging a breach of contract. The corporation was not a party to the contract, was not bound by the contract and was not bound by Wollenberger's action taken individually. Consequently, the supreme court held, the corporation had no interest in the case and was not a necessary party. At the same time the court recognized that "all persons having any substantial legal or beneficial interest in the subject matter of litigation who will be materially affected by the decree must be made parties." (346 Ill. at 574-75.) In the case before us, if the default is permitted to stand, the trust will cease to exist and the beneficiaries will be effectively bound by the trial court order which terminated the trust. Unlike the corporation in *Wollenberger*, the beneficiaries have a very substantial direct interest in the outcome of the litigation.

The plaintiffs' argument is also based on certain amendments to the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 1—1 *et seq.*). Section 8—1 provides that: "[w]hen the petition [for the admission of a will] names a trustee of a trust as a party, it is not necessary to name as a party any beneficiary of the trust who is not an heir or legatee." Ill. Rev. Stat. 1987, ch. 110½, par. 8—1.

Section 1—2.11 provides that: "[w]henever any provision of this Act requires notice or accounting to or action by an interested person *** and a trustee of a trust is an interested person, no notice or accounting to or action by a beneficiary of the trust in his capacity as beneficiary shall be required." Ill. Rev. Stat. 1987, ch. 110½, par. 1—2.11.

Section 24—2 provides that: "[n]o notice [of accounting], however, shall be required *** whenever a trustee of a trust is an interested person, to any beneficiary of the trust by reason of the beneficiary's interest in the trust." Ill. Rev. Stat. 1987, ch. 110½, par. 24—2.

█ It is the plaintiffs' position that, in the Probate Act, the legislature has codified case law confirming that where a trustee is a party the beneficiary is not a necessary party. We note first that the Act, obviously, purports to regulate probate proceedings and not to govern *inter vivos* trusts. If the legislature intended to abrogate the pronouncements of the supreme court in *Illinois National Bank*

*v. Gwinn* and *Village of Lansing v. Sundstrom,* it should have said so more clearly. A statute will be construed to be in derogation of the common law only to the extent that the legislative intent is clear. (*Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 326 N.E.2d 74. See also *Smith v. Laatsch* (1885), 114 Ill. 271, 2 N.E. 59.) Second, we note that section 8—1 is restricted to procedures governing will contests. Although not necessary to our decision, we observe that section 1—2.11 and section 24.2 may be construed to mean that notice to beneficiaries is not required only if the trustee himself is an interested party.

Last, we note that in *Norris v. Estate of Norris* (1986), 143 Ill. App. 3d 741, 493 N.E.2d 121, the trial judge held that section 24—2 excused notice to beneficiaries of probate proceedings. The appellate court reversed, noting that the beneficiaries, not the trustee, were the true parties in interest.

For these reasons, we judge that the law of *Illinois National Bank v. Gwinn* and the *Village of Lansing v. Sundstrom* is still the law in Illinois and that the beneficiaries were necessary parties. That being so, the failure to name them rendered the judgment void.

■ Since this case must be remanded, we will address other arguments advanced by the parties for further guidance to the trial court. If we were to agree with the plaintiffs that the intervenors were not necessary parties and that the judgment was not void, we would still be faced with the argument of the intervenors that the statutory limitation was tolled as to Sara Schlosser, who was a minor. The plaintiffs did not answer that argument in their brief. During oral argument, they maintained that Sara could never be granted leave to intervene because she was not a necessary party. We must reject that argument. The right of intervention is not restricted to necessary parties. (See *City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 468 N.E.2d 428.) We hold, as a matter of law, that Sara Schlosser had a sufficient interest to require that she be permitted to intervene.

■ The petitioners argue that the judgment should be reversed without remand on the ground that the plaintiffs are not proper parties. They contend that the plaintiffs did not have any relationship with the trust or the estate of Mildred Schlosser. (See *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 397 N.E.2d 200.) Contrary to the plaintiffs' contention, the petitioners did raise this argument in the trial court. However, the question was never reached. Although we recognize that the question of standing is ju-

risdictional and may be raised at any time (*People v. Capitol News, Inc.* (1990), 137 Ill. 2d 162, 560 N.E.2d 303), we decline to pass on the question. It has not been appropriately briefed and argued by the plaintiffs in either the trial court or in this court. The trial court may appropriately address the question after remand.

■ We wish to make our position clear that we do not agree with another argument made by the plaintiffs. The default order was entered on March 12, 1987, and the defendant filed a motion to dismiss the complaint without having filed an appearance, without having filed a motion to vacate the default and without notice to the plaintiffs. Because the defendant filed his motion to dismiss without having vacated the default, we agree that the judge could properly refuse to entertain the motion. But we do not agree with the plaintiffs that the defendant did not "appear." Section 2—301(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—301(a)) provides in part as follows:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. *** Every appearance, *prior to judgment*, not in compliance with the foregoing is a general appearance." (Emphasis added.)

A motion to dismiss constitutes a general appearance subjecting the moving party to the jurisdiction of the court. (*Loss v. Loss* (1967), 80 Ill. App. 2d 376, 224 N.E.2d 271.) The appearance in this case may have been late, but it was prior to judgment and a general appearance nonetheless.

For these reasons, we reverse the judgment of May 28, 1987; we reverse the order denying the petition to intervene; we vacate the order of default; we remand the cause with directions to permit the defendant and intervenors to plead to the complaint and for further proceedings consistent with this opinion.

Judgment reversed and remanded.

RAKOWSKI, P.J., and LaPORTA, J., concur.