JULIAN E. CANNELL, Plaintiff-Appellant, v. THE MEDICAL AND SURGICAL CLINIC, S.C., Defendant-Appellee.

(No. 74-8;

Third District—August 6, 1974.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellant.

Davis, Morgan & Witherell, of Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Peoria County, allowing the motion to dismiss filed by the defendant in this case and dismissing the plaintiff's complaint.

The complaint of the plaintiff, Julian E. Cannell, alleged that a certain Steve Nelson was treated by one of the doctors associated with the defendant, The Medical and Surgical Clinic, a corporation; that Steve Nelson signed a form authorizing the plaintiff to obtain information regarding Steve Nelson's physical condition from the defendant; that this form and a request for a medical report were sent to the doctor who had treated Steve Nelson; that another doctor associated with the defendant informed the plaintiff that they would not release any medical information about their patient, Steve Nelson, without the consent of his employer; that the plaintiff then advised the latter doctor that the standards of practice governing the relationship between lawyers and physicians approved by the Peoria Bar Association and the executive council of the Peoria Medical Society required that a report be furnished promptly by the physician upon receipt of a written authorization from the patient or a party examined; and that the defendant nevertheless refused to furnish any medical information concerning the examination or treatment of Steve Nelson.

The defendant's motion to dismiss stated that the complaint failed to present a claim upon which relief could be granted; that the plaintiff was attempting to deprive the defendant of its property without due process of law; that the records and information sought by the plaintiff were found in the private files of the defendant, and were subject to production only in a lawsuit in which the plaintiff's physical condition was in issue; that the plaintiff was the petitioner in a proceeding to recover workmen's compensation benefits from his employer, and he could subpoena the defendant's records for use at the workmen's compensation hearing but had no right to prehearing discovery; and that the plaintiff had been given treatment on behalf of his employer and so the employer was a necessary party to this proceeding.

Our review of the trial court's order of dismissal requires us to consider whether a physician has a duty to disclose medical information to a patient on request, apart from any obligation which might be imposed on him by issuance of a subpoena under section 16 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, § 138.16), or utilization of discovery procedures under section 58 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 58). It appears that there are no reported Illinois decisions which establish the existence of such a duty. However, in a fairly recent case decided outside Illinois a physician was held to have a duty to permit inspection of medical records in the absence of legal proceedings in which disclosure could be compelled.

*Emmett v. Eastern Dispensary & Casualty Hospital,* 396 F.2d 931 (D.C. Cir. 1967), was a suit for damages under the Survival and Wrong-

ful Death Acts of the District of Columbia. Joseph N. Emmett had died while a patient in a hospital, and William J. Emmett, his son and the administrator of his estate, charged that the hospital and the attending physician through their negligence had caused his father's death. The limitation period applicable to a wrongful death action was 1 year, and suit was not filed within that length of time. The son alleged, however, that he was unable to get into court within the 1-year period because of the defendant's conduct in concealing the facts relating to his father's death. He had made several demands for inspection of the decedent's medical records before being appointed administrator and before commencing suit for damages, but his demands had been refused. Summary judgment for the defendants on the wrongful death claim was reversed on appeal. It was held that both the hospital and the doctor had a duty of disclosure, that the son was a qualified recipient of information, that concealment of the facts from the son tolled the statute of limitations, and that it was not necessary for the son to secure appointment as administrator in order to defeat an erroneous claim of medical privilege.

Regarding the duty of disclosure the Court of Appeals said: "The responsibilities of physicians and hospitals to protect their patients' medical facts from extrajudicial exposure spring from the confidential nature of the relationship. We find in the fiducial qualities of that relationship the physician's duty to reveal to the patient that which in his best interests it is important that he should know." (396 F.2d at 935.) Further, regarding the absence of any legal proceedings when demands for examination of records were made, the court said: "And we are unwilling to hold that one to whom a duty to disclose medical data is already owed is compelled by the rule of reasonable diligence to engage in legal proceedings to attain a loftier status." 396 F.2d at 939.

■■ We believe that the thoughts expressed in the *Emmett* case should be considered descriptive of the law in the State of Illinois. It is our opinion that the " 'fiducial qualities' of the physician-patient relationship" (see also *Cobbs v. Grant*, 8 Cal.3d 229, 246, 104 Cal. Rptr. 505, 516, 502 P.2d 1, 12 (1972); *Canterbury v. Spence*, 464 F.2d 772, 782 (D.C. Cir. 1972)) require the disclosure of medical data to a patient or his agent on request, and that the patient need not "engage in legal proceedings to attain a loftier status" (396 F.2d at 939) in his quest for such information. Accordingly we find that the complaint filed in the case before us did not fail to state a claim on which relief could be granted, as the defendant maintained, and that the information sought by the plaintiff should have been produced by the defendant as requested.

■■ Although information must be given, the physician's records themselves need not be turned over to the patient. (See *McGarry v. J. A.*

*Mercier Co.,* 272 Mich. 501, 262 N.W. 296 (1935), pertaining particularly to Xrays, and *In Re Culbertson's Will,* 57 Misc. 2d 391, 292 N.Y.S.2d 806 (Sur. Ct. 1968).) The prayer of the complaint to this extent asks for too much, but the prayer for relief need not shape the relief awarded. (See *American National Bank & Trust v. Mar-K-Z Motors & Leasing Co.,* 11 Ill.App.3d 1046, 1049, 298 N.E.2d 209, 2911.) A court may grant less relief than demanded. (61 Am. Jur. 2d *Pleading* § 123 (1972).) In any event, excesses in the prayer do not vitiate the complaint. 61 Am. Jur. 2d *Pleading* § 122 (1972).

The order of the Circuit Court of Peoria County allowing the motion to dismiss and dismissing the complaint is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SCOTT, P. J., and STOUDER, J., concur.