EDWIN "BUD" HARE, Plaintiff-Appellee, v. CANVASSING BOARD OF THE TOWNSHIP OF BERWYN *et al.*, Defendants-Appellants.

First District (1st Division)   No. 85—786

Opinion filed June 9, 1986.

Louis F. Cainkar, Ltd., of Chicago, and Thomas W. Giger, Assistant City Attorney, of Berwyn (Vincent Cainkar, of counsel), for appellants.

Paul Armstrong, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:[1]

Defendants, the canvassing board of the township of Berwyn, bring this appeal from an order of the trial court requiring that the office of township assessor appear on the April 2, 1985, general election ballot in the township of Berwyn, without listing thereunder the names of any candidates for the office.

The record discloses the following facts pertinent to the appeal. Plaintiff, Bud Hare, was a write-in candidate for the office of township assessor for Berwyn in the Republican primary election held on February 26, 1985. Plaintiff received three write-in votes in the election. The township canvassing board of Berwyn refused to certify the plaintiff as the winner of the primary since he did not satisfy the educational qualifications for assessors provided by statute (Ill. Rev. Stat. 1983, ch. 120, par. 483.2a) and because he did not receive sufficient votes as required by the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 7—59). No other candidate's name was submitted to the canvassing board for certification.

Thereafter, on March 8, 1985, plaintiff filed a complaint for *mandamus* seeking to have his name certified as the winner of the Republican primary election for the office of township assessor of the city of Berwyn. At the hearing on defendants' motion for summary judgment, the trial court denied the *mandamus* relief requested by plaintiff since he did not meet the statutory educational requirements for township assessor. The court further ordered *sua sponte* that the office of township assessor should appear on the ballot for the April 2, 1985, general election with no named candidates listed thereunder. Defendants appeal only that portion of the order requiring that the office of township assessor be printed on the general election ballot.

Defendants contend that the order of the trial court requiring that the office of township assessor be printed on the general election bal-

---

[1]This appeal was disposed by order of this court dated March 29, 1985, affirming the decision of the trial court and providing that a written disposition would follow. This opinion is now issued in accordance with that order.

lot was contrary to statute and an abuse of discretion. Defendants rely on section 2.2a of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 483.2a). This statute outlines the training qualifications for township assessors in Illinois, as well as the time for their election and term of office. The statute further provides:

> "If no candidate for election meets the above qualifications there shall be no election and the town board of trustees or multi-township board of trustees shall appoint a person qualified as required herein ***." Ill. Rev. Stat. 1983, ch. 120, par. 483.2a.

Defendants argue that the statutory language "there shall be no election" if no candidate meets the educational requirements for township assessor mandates that the office of township assessor not appear on the ballot if there is no qualified candidate. We disagree.

The statutory language relied upon by defendants is taken from the Revenue Act of 1939. The purpose of the Revenue Act is to codify the law relating to the assessment of property and the levy and collection of taxes on property. Ill. Rev. Stat. 1983, ch. 120, par. 482 *et seq.*; *In re Application of County Treasurer* (1975), 26 Ill. App. 3d 753, 326 N.E.2d 120.

■■■ The conduct of elections in Illinois is governed by the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 1—1 *et seq.*; *Natt v. Suburban Cook County Tuberculosis Sanitarium District* (1950), 407 Ill. 436, 95 N.E.2d 611.) Generally, all qualified voters have a constitutionally protected right to vote and to have their votes counted. (Ill. Rev. Stat. 1983, ch. 46, pars. 17—9, 17—16, 19—9; *Craig v. Peterson* (1968), 39 Ill. 2d 191, 233 N.E.2d 345.) Statutory requirements which deprive a fully qualified voter of his right to vote or to have his vote counted are constitutionally suspect, particularly where such requirements do not substantially promote the secrecy and integrity of an election. (U.S. Const., amend. XIV; Ill. Rev. Stat. 1983, ch. 46, pars. 17—9, 17—16, 19—9; *Craig v. Peterson* (1968), 39 Ill. 2d 191, 233 N.E.2d 345.) The form of the ballot must conform to the applicable statutory mandate and a failure to observe the statutory requirements is a matter of substance which renders an election void. (*People ex rel. Henry v. New York Central R.R. Lines* (1942), 381 Ill. 490, 45 N.E.2d 860.) The statute governing the form of ballots for general elections in Illinois provides as follows:

> "The names of all candidates for which the elector intends to vote shall be written or printed upon the same ballot, and the office to which he or she desires each to be elected shall be designated upon the ballot ***." Ill. Rev. Stat. 1983, ch. 46, par.

17—6.

In reading these provisions of the Election Code together with the cited provision of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 483.2a), we do not believe that the statutory language relied on by defendants requires that the office of township assessor be removed from the general election ballot. We interpret the language relied on by defendants to provide that, if the election process does not produce a qualified candidate, the power of appointment for the office of township assessor shall be given to the township board of trustees. In reading the statute as a whole, it is clear that it contemplates that the office of township assessor be submitted to the electorate to vote for the candidate of its choice. Since the right of a citizen to vote is a fundamental political right (Ill. Rev. Stat. 1983, ch. 46, pars. 17—9, 17—16, 19—9; *Wigoda v. Cousins* (1973), 14 Ill. App. 3d 460, 302 N.E.2d 614), it is our opinion that the voters are entitled to ballots so prepared as to enable them to vote for every office to be filled, regardless of whether a candidate for each office has been named or certified (see Ill. Rev. Stat. 1983, ch. 46, par. 17—6). It would be unfair to the electorate to remove the office from the ballot and deprive them of their fundamental voting right. See *Craig v. Peterson* (1968), 39 Ill. 2d 191, 233 N.E.2d 345.

Defendants further complain that the trial court abused its discretion in awarding relief not prayed for by the plaintiff. The relief requested by plaintiff was that he be declared the winner of the primary election for township assessor and that his name appear on the ballot for the general election. The trial court denied plaintiff the relief he sought but also ordered *sua sponte* that the office of township assessor be placed on the ballot at the general election. We find no abuse of discretion by the trial court in placing the office on the ballot.

While as a general rule the relief awarded should conform to that sought by the pleadings (*Luciani v. Bestor* (1982), 106 Ill. App. 3d 878, 436 N.E.2d 251; *Walsh v. Union Oil Co.* (1970), 131 Ill. App. 2d 1015, 268 N.E.2d 706), this rule does not always apply and, in many cases, the court has power to grant any relief within the issues formed by the pleadings and justified by the evidence, regardless of the specific relief demanded. *Stowell v. Satorius* (1952), 413 Ill. 482, 109 N.E.2d 734; *Cannell v. Medical & Surgical Clinic, S.C.* (1974), 21 Ill. App. 3d 383, 315 N.E.2d 278.

In the case at bar, as previously stated, we find the statute governing the form of ballots (Ill. Rev. Stat. 1983, ch. 46, par. 17—6) requires that the office of township assessor appear on the general elec-

tion ballot. Further, the plaintiff here alleged in his complaint that it was the intention of the defendants to appoint the township assessor for the city of Berwyn following the election and, therefore, the office of township assessor would not be listed on the general election ballot and would not be voted upon. Since this allegation was raised in plaintiff's complaint, we find that the judgment ordering the office of township assessor to appear on the ballot afforded complete and equitable relief and was proper even though not specifically prayed for in plaintiff's complaint.

Accordingly, for the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.