FLETCHER, APPELLANT, *v.* BOLZ ET AL., APPELLEES.

(No. 86AP-786 — Decided May 26, 1987.)

*Bernard Bernard* and *Darin G. Kendall,* for appellant.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., William A. Davis* and *Amy Sue Taylor,* for appellees.

*John K. Fitch,* urging reversal for *amicus curiae* Franklin County Trial Lawyers Association.

McCORMAC, J. This case is on appeal from a judgment of the Franklin County Court of Common Pleas sustaining defendants-appellees' motion for summary judgment.

On January 7, 1983, plaintiff-appellant, Dennis Fletcher, injured his ankle in an accident at a Standard Oil Company station. On January 11, 1983, plaintiff obtained the professional services, including surgery, of defendant-appellee, Dr. W. Scott Bolz, M.D. Plaintiff and defendant had a prior doctor-patient relationship regarding plaintiff's ankle. On March 16, 1983, plaintiff sued the Standard Oil Company (*Fletcher* v. *Standard Oil Co.,* case No. 83CV-03-1615), with trial scheduled for May 14, 1984. On April 26, 1984, plaintiff's attorney arranged to depose defendant. On May 1, 1984, defendant's secretary informed plaintiff's attorney that defendant required a prepayment of $1,500 before testifying at the deposition. Plaintiff was financially unable to pay the fee. Plaintiff's attorney then attempted to schedule an interview of the defendant at a conference, or alternatively, over the telephone. His requests were denied because plaintiff had not paid the $1,500 fee.

Subsequently, plaintiff settled his suit with the Standard Oil Company. Plaintiff then filed the instant action against Dr. Bolz and his professional services corporation. In his complaint, he sought compensatory and punitive damages alleging that defendants unreasonably interfered with plaintiff's interests in the Standard Oil suit, and that defendants breached their professional service contract and an agreement between the Columbus Academy of Medicine and the Columbus Bar Association. The trial court granted summary judgment in favor of defendants and this appeal followed.

Plaintiff raises the following assignments of error on appeal:

"I. The trial court erred in failing to recognize that a physician has a duty, for a reasonable fee, to make available to his patient testimony about the patient's injuries and treatment in a personal injury action relating to those injuries.

"II. The trial court erred in failing to find that a question of fact existed as to whether the defendant physician breached his duty to his patient by demanding advance payment of $1,500.00 before he would testify or even discuss his testimony with the patient's attorney.

"III. The trial court erred in failing to find that the physician's duty existed irrespective of a subpoena.

"IV. The trial court erred in failing to find that the defendants were not joint tortfeasors with the property owner in the underlying personal injury action and that settlement of that action had no effect on the claims herein."

Pursuant to Civ. R. 56(C), before summary judgment may be granted it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

Having reviewed the evidence most strongly in favor of plaintiff, we hold that the trial court acted properly in sustaining defendant's motion for summary judgment.

The first three assignments of error are interrelated and are combined for discussion. In order to analyze whether a witness can be held liable for damages for his failure to testify, we must first examine the Ohio Rules of Civil Procedure and the statutory law governing the conduct of witnesses. Civ. R. 45(D)(1) provides:

"(1) When the attendance of a witness before an official authorized to take depositions is required, the subpoena shall be issued by such person and shall command the person to whom it is directed to attend and give testimony at a time and place specified therein. The subpoena may command the person to whom it is directed to produce designated books, papers, documents or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(B), but in that event the subpoena will be subject to the provisions of Rule 26(C) and subdivision (B) of this rule."

In addition, Civ. R. 30(A) provides that the attendance of a witness deponent may be compelled by the use of subpoena as provided by Civ. R. 45. Thus, the proper procedure for requiring a witness to testify is through the use of a subpoena. This conclusion is further supported by R.C. 2317.21, which provides that a witness who fails to obey a subpoena may be found in contempt.

If Dr. Bolz had been subpoenaed, he would have been required to testify at the deposition in order to avoid being held in contempt. The facts indicate, however, that plaintiff failed to subpoena defendant for the deposition or for trial. Rather, plaintiff settled his lawsuit with the Standard Oil Company and subsequently brought the instant suit.

The case of *Green* v. *Otenasek* (1972), 267 Md. 9, 296 A. 2d 597, is directly on point. In *Green*, plaintiff was injured in an automobile accident and filed suit against the two drivers involved in the collision. In the course of being treated for his injuries, plaintiff came under the care of the defendant-doctor. The defendant had a long-standing policy against appearing in court, and informed plaintiff's attorney of that fact. Defendant even advised plaintiff that it would be to his advantage not to call him into court as he would be "subject to the prejudices and vagaries of human psychology." *Id.* at 12, 296 A. 2d at 598. Nevertheless, plaintiff subpoenaed defendant for an impending trial date. The case was continued due to illness of counsel, and, thereafter, plaintiff and his wife settled their case against the motorists. Plaintiff and his wife then sued defendant for damages in tort, alleging that as a result of his refusal to testify, plaintiffs were compelled to settle their case out of court for a fraction of its actual value. The jury found in favor of the defendant on the basis that the settlement plaintiffs received was fair and reasonable.

On appeal, the court held that the trial court should have granted defendant's motion for a directed verdict. *Id.* at 14, 296 A. 2d at 599. The Maryland statute applicable in *Green* provided that a witness who is summoned but fails to appear may be attached and fined by the court and is liable in an action upon the case for the damage sustained. *Id.* at 15, 296 A. 2d at 600. The court noted, however, that since the defendant was not served with a summons (the subpoena was left with an office employee), plaintiffs' suit did not come within the ambit of the statute. *Id.*

While the *Green* court recognized

that part of a doctor's duty of total care requires him to offer his medical testimony on behalf of his patient, citing *Hammonds* v. *Aetna Cas. & Sur. Co.* (N.D. Ohio 1965), 243 F. Supp. 793, 31 O.O. 2d 174, and *Alexander* v. *Knight* (1962), 197 Pa. Super. 79, 177 A. 2d 142, the court found that those cases did not support the plaintiff's cause of action. *Id.* at 15-16, 296 A. 2d at 600-601. The controlling fact was the lack of issuance of a subpoena. *Id.* at 17, 296 A. 2d at 601. The court further held that the doctor's threats to testify falsely, if compelled to appear, should not have been taken seriously because ordinarily a witness is presumed to speak the truth. *Id.* at 19-20, 296 A. 2d at 602. Therefore, the court held that there could be no cause of action against the doctor for damages. *Id.,* 296 A. 2d at 603.

Plaintiff cites both the *Hammonds* and *Alexander* cases for the same proposition as cited by the plaintiff in *Green, supra.* As did the *Green* court, we hold that the fact that defendant may have a duty to testify on behalf of a patient does not provide the basis for a cause of action by the patient against the doctor for refusing to testify voluntarily or for attaching unreasonable conditions to an agreement to testify voluntarily.

In addition, plaintiff argues that, without knowing the substance of defendant's testimony, service of a subpoena would have been a reckless act. Again, as the *Green* court noted, a witness is presumed to testify honestly. Further, had plaintiff contracted with defendant to testify in a certain manner, such contract would have been against public policy. See *Griffith* v. *Harris* (1962), 17 Wis. 2d 255, 116 N.W. 2d 133. Therefore, a condition precedent to an action against a witness for breaching his duty to testify is the issuance of a subpoena.

Plaintiff further argues, in his first assignment of error, that the "Standards of Practice Governing Lawyers and Physicians" gives him a cause of action against the defendant. It is noted that even if defendant violated a particular Standard of Practice, which we do not specifically hold, the remedy provided therein is to file a grievance with the Joint Committee created under the Standards of Practice (see Section D Violations). Finally, plaintiff cites *Cannell* v. *Medical & Surgical Clinic, S.C.* (1974), 21 Ill. App. 3d 383, 315 N.E. 2d 278. In *Cannell,* the court held that a doctor's information must be made available upon request. However, for the reasons discussed previously, a subpoena is required as a condition to an action for damages.

Plaintiff also argues that the trial court erred in failing to find that a question of fact existed as to whether the defendant breached his duty to plaintiff. Plaintiff cites *Anthony* v. *Abbott Laboratories* (D.R.I. 1985), 106 F.R.D. 461, for the proposition that the defendant's fee was excessive. In *Anthony,* the defendant sought to depose one of plaintiffs' key experts. In advance of the date of the deposition, plaintiffs' counsel stated that the doctor's hourly rate would be $420. Defendant stated that he would later challenge the rate. The deposition went forward as scheduled, with defendant reserving his right to challenge the reasonableness of the doctor's fee pursuant to Fed. R. Civ. P. 26(b)(4)(C).

The *Anthony* case is distinguishable from the instant case because there the defendant was seeking discovery from an opposing party's expert. The *Anthony* case is cited solely for the proposition that an expert witness fee of $420 per hour is outrageous. The reasonableness of any expert's fee must be determined on a case-by-case basis. Moreover, plaintiff's proper procedure was to sub-

poena the witness and contest the reasonableness of the fee later.

The first three assignments of error are overruled.

In his fourth assignment of error, plaintiff argues that the trial court erred in failing to find that the defendants were not joint tortfeasors with the property owner in the underlying personal injury action. Since plaintiff cannot maintain a cause of action against defendants, the issue of whether the release signed by plaintiff would apply to defendants is moot. Therefore, plaintiff's fourth assignment of error is overruled.

Plaintiff's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and BOWMAN, JJ., concur.