No. 88-612

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

E.H. KNIGHT,

        Plaintiff and Appellant,

  -vs--

JAMES H. JOHNSON, JR.; The Office of
YELLOWSTONE COUNTY SHERIFF; MIKE SHAFER,
Sheriff, and YELLOWSTONE COUNTY,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cate Law Firm; Jerome J. Cate, Billings, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich; Jon T.
        Dyre, Billings, Montana

---

Submitted: March 16, 1989

Decided: April 27, 1989

Filed:

_____
Clerk

Mr. Justice Fred J.Weber delivered the Opinion of the Court.

This appeal arises from a negligence suit brought by Mr. E.H. Knight against Dr. James H. Johnson. The District Court of the Thirteenth Judicial District granted summary judgment in favor of defendant, and plaintiff appeals. We affirm.

The issue presented for our review is whether a treating physician has a duty to appear and testify at the trial of a patient, when the treating physician was not served with a subpoena.

The plaintiff in this case was injured in a fight at the Seventeen Bar in Billings, Montana. He was treated for injuries by Dr. James H. Johnson. Plaintiff subsequently filed suit against Seventeen Bar and the person who allegedly assaulted him. The plaintiff anticipated that Dr. Johnson would testify at that trial regarding plaintiff's injuries. However, Dr. Johnson was not served with a subpoena and did not appear at the trial. The plaintiff filed suit against Dr. Johnson on April 13, 1988, alleging that Dr. Johnson negligently breached a duty to testify on his patient's behalf. Dr. Johnson moved for summary judgment, asserting that a physician has no legal duty to appear at a patient's trial. The District Court granted the motion for summary judgment.

The facts which give rise to the suit against Dr. Johnson are stated by affidavits from witnesses, and are summarized as follows. Plaintiff's trial against Seventeen Bar and the defendant involved in plaintiff's assault charge was set for February 17, 1988. In preparation for trial, Dr. Johnson was deposed by attorneys for the Seventeen Bar on January 30, 1988. Counsel for plaintiff was present at that deposition. There was no further contact between plaintiff's

counsel and Dr. Johnson until plaintiff's counsel sent a letter dated February 10, 1988 to Dr. Johnson, reminding him of the trial date and of the necessity of his testimony there. The letter stated that Dr. Johnson was scheduled to testify on February 18 at 9:30 a.m. In the letter plaintiff's counsel also stated that he would subpoena Dr. Johnson because without Dr. Johnson's testimony the case could be dismissed. This letter arrived at Dr. Johnson's office on February 12, 1988. When Dr. Johnson's secretary received the letter from plaintiff's counsel she called his office and left a message that Dr. Johnson was out of town and would not return until February 17.

The day before the letter arrived, on February 11, a process server from Yellowstone County came to Dr. Johnson's office with a subpoena. The office was not informed of the purpose of the subpoena. Dr. Johnson's secretary informed the server that the doctor was with a patient and would not be available for an hour. The process server then left the office without serving Dr. Johnson. The process server returned on February 12, but was informed that Dr. Johnson had left for a seminar in New Orleans and would not return until the late afternoon of February 17, 1988. Thus Dr. Johnson was never served with the subpoena. The subpoena was not returned to plaintiff's counsel and the Yellowstone County Sheriff's Office did not notify plaintiff's counsel of the failure of service.

On the morning of February 18, when Dr. Johnson's testimony was scheduled, plaintiff's attorney called Dr. Johnson's office to see if he had left for the trial. He was told at that time that Dr. Johnson was performing myelograms and would not be available to testify. Plaintiff's counsel was also informed at that time that Dr. Johnson had not been served with the subpoena. Plaintiff's counsel testified that

3

"the woman on the phone advised me that Dr. James H. Johnson, Jr. was not going to appear for trial, and that even if he was served with a subpoena, he would not appear and testify on behalf of E.H. Knight." This statement is disputed by defendant.

Plaintiff alleges that because Dr. Johnson failed to appear at trial, he was forced to accept a settlement of the case for less than the case deserved. The plaintiff urges that the doctor/patient relationship established a duty on the part of Dr. Johnson to testify at his trial, that Dr. Johnson breached this duty, and that plaintiff was damaged by this breach.

On appeal, we are asked to determine whether a physician has a duty to appear and testify at a patient's trial, even though the doctor was never subpoenaed. While Montana has not previously recognized such a duty, Mr. Knight asks this Court to create this duty.

In considering whether a duty should be created, the initial inquiry is whether there is a need for such duty. As stated by one authority:

> The statement that there is or is not a duty begs the essential question--whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.

W. Page Keaton, Prosser and Keaton on Torts, § 53, at p. 357 (5th Ed. 1984).

The plaintiff's interest in the present case is the need for a process whereby one may compel favorable witness testimony. This need is fulfilled statutorily in Montana through the subpoena process. Compelled attendance and testimony is established pursuant to § 26-2-301, MCA, as follows,

4

> A witness served with a subpoena must attend at the time appointed, with any papers under his control required by the subpoena, and answer all pertinent and legal questions and, unless sooner discharged, must remain until the testimony is closed.

Additionally, Rule 45(a), M.R.Civ.P., provides for compelled attendance and testimony of a witness through the issuance of a subpoena. Rule 45(c) states that service of a subpoena "must be made so as to allow the witness a reasonable time for preparation and travel to the place of attendance." The remedy for failure to testify when served with a subpoena is damages through a private cause of action. See, § 26-2-105, MCA.

The subpoena procedure for obtaining witnesses is efficient, orderly, and gives consistent and reliable results. Because the need for compelled testimony already has adequate protection, we conclude that there is no persuasive reason to create a duty which would also satisfy this need.

Plaintiff cites to Spaulding v. Hussain (N.J. Super 1988), 551 A.2d 1022, and Green v. Otenasek (Md. 1972), 296 A.2d 597, in support of his position. However, these cases do not establish the asserted duty and are not dispositive. Research has disclosed no authority supporting plaintiff's position. We prefer to follow the general rule that "a condition precedent to an action against a witness for breaching his duty to testify is the issuance of a subpoena." Fletcher v. Bolz (Ohio App. 1987), 520 N.E.2d 22, 25; 81 Am. Jur.2d, Witnesses § 28.5 (1976).

We decline to create the duty which plaintiff urges. The District Court correctly held that no duty exists for a physician to testify at the trial of a patient, absent compulsory process. We affirm the summary judgment granted by the District Court.

_____
                            Justice

5

We Concur:

_____
John Conway Harrison

_____
John C. Sheehy

_____
R. C. McEvoy

_____
William E. Hunt Sr.
Justices