[Cite as *State ex rel. Ghoubrial v. Herbert*, 2016-Ohio-1085.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex. rel.
Sam N. Ghoubrial, M.D.,        :

         :

      Relator,          :

         :

v.          :         No. 15AP-470

         :

[Honorable] Paul M. Herbert,            (REGULAR CALENDAR)

         :

      Respondent.          :

         :

D E C I S I O N

Rendered on March 17, 2016

**On brief:** *Winkhart, Rambacher & Griffin, Stephen P. Griffin,* **and** *Michael J. Kahlenberg; David M. Best Co., L.P.A.,* **and** *David M. Best,* for relator.

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, and *Janet R. Hill Arbogast,* for respondent.

IN PROHIBITION

TYACK, J.

{¶ 1} Relator, Sam N. Ghoubrial, M.D. filed a petition for a writ of prohibition with this court to prohibit the respondent, the Honorable Paul M. Herbert, a judge of the Franklin County Municipal Court, from enforcing an entry dated April 3, 2015 or issuing an order or judgment that affects Dr. Ghoubrial's rights to due process of law. After being fully briefed a magistrate of this court issued a decision on December 10, 2015 that recommended that we deny relator's petition for a special writ. For the following reasons we adopt the magistrate's decision, attached as an appendix herein.

## I. Factual and Case History

{¶ 2}    Initially, we adopt the magistrate's findings of fact which are summarized as follows:  respondent is the presiding judge over a personal injury civil action filed in the Franklin County Municipal Court captioned: "Stephanie Freeman, Plaintiff v. David Ruff, Defendant, Case No. 2013 CVE 024497."  In June 2014, the trial court sustained a motion to order discovery and ordered Dr. Ghoubrial, relator herein, to submit to a discovery deposition. Upon agreement of the parties, the deposition was to take place on October 16, 2014 in Akron, Ohio, the city in which relator resides.

{¶ 3}    Almost from the beginning, the deposition was marked by contentious behavior on the part of both defendant's and relator's counsel.  The subject was whether relator had to answer questions concerning his treatment of one or both plaintiffs, whether compound questions were being asked, and whether defendant's counsel was interrupting relator's answers or clarifying the questions.  Shortly after the deposition began, defendant's counsel terminated the deposition and indicated he would file a motion in the trial court seeking an order for relator to appear for his deposition in Columbus at the Franklin County Municipal Court.

{¶ 4}    That motion resulted in an April 3, 2015 entry by Judge Herbert:

> On October 16, 2014, the discovery deposition of the treating physician was terminated early for a variety of reasons.  The court finds that the attorney for treating physician obstructed the process to such degree that the discovery rules were violated.  It is clear that both attorneys in this deposition were less than cordial. The actions of the physician[']s counsel, however, was violative in that rather than objecting to a question for the record, and then waiting for the court to rule on the objection at a later date, counsel for the treating physician seemed to make his own rulings and instructing his client accordingly. Although the court understands and appreciates counsel's intent, his actions were nevertheless out of order.
>
> Therefore, this court hereby orders the treating physician, Dr. Sam Ghoubrial to appear for deposition before this court on May 8, 2015 at 10:00 a.m.
>
> This is not a final appealable order.  The Court hereby directs

> the Municipal Court Clerk to serve upon all parties notice of
> this judgment and its date of entry upon the journal.

(Apr. 3, 2015 Entry.)

{¶ 5}   On May 5, 2015, relator filed this prohibition action praying to prohibit Herbert from ordering the May 8, 2015 deposition in Columbus.  It is undisputed that the scheduled deposition did not occur on May 8, 2015 and, at this time, there is no entry ordering relator to appear for another scheduled deposition.

{¶ 6}   Our magistrate's December 10, 2015 decision concluded that, based on the rules of civil procedure and the cases of *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467 (1998) and *Ohio Civ. Rights Comm. v. Burch*, 9th Dist. C.A. No. 22185, 2005-Ohio-259, ¶ 15 that "the proper manner in which to compel a non-party to appear for a deposition is through a subpoena issued under Civ.R. 45".  (Magistrate's Decision, 6).  The magistrate's decision indicates the entry was sufficient to notify Dr. Ghourbrial that his deposition was scheduled but was not sufficient to compel him to attend the deposition in the Franklin County Municipal Court on May 8, 2015.  Because the May 8, 2015 hearing did not take place and there is no hearing scheduled, the trial court is not about to take an action which this court would prohibit.  Therefore, the magistrate concluded the relator's request for a writ of prohibition should be denied.

## II.  Legal Analysis

{¶ 7}   A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction.  *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998).  A writ of prohibition is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies."  *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1988).  In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists.  *McAuley v. Smith*, 82 Ohio St.3d 393, 395 (1998).

{¶ 8}   The first question that must be answered is whether the trial court's April 3, 2015 entry was sufficient to compel Dr. Ghoubrial to testify.  We look first to the civil rules.  Civ.R. 30, depositions upon oral examination, states in relevant part:

**(A) When depositions may be taken.** After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. The attendance of a witness deponent may be compelled by the use of subpoena as provided by Civ.R. 45. * * *

**(B) Notice of Examination; General Requirements; Nonstenographic Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone or Other Means.**

(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, a designation of the materials to be produced shall be attached to or included in the notice.

(Emphasis sic.)

{¶ 9} Civ.R. 30 states a non-party witness deponent may be compelled by the use of a subpoena as provided by Civ.R. 45. *Burch*, at ¶ 15.

{¶ 10} Civ.R. 45 states in the relevant part:

**(A) Form; Issuance; Notice.**

(1) Every subpoena shall do all of the following:

(a) state the name of the court from which it is issued, the title of the action, and the case number;

(b) command each person to whom it is directed, at a time and place specified in the subpoena, to:

(i) attend and give testimony at a trial or hearing at any place within this state;

(ii) attend and give testimony at a deposition in the county where the deponent resides or is employed or transacts

> business in person, or at such other convenient place as is
> fixed by an order of court[.]

(Emphasis sic.)

{¶ 11} The Supreme Court of Ohio expressly stated the use of a subpoena is not only a way to compel a non-party witness but the way it should be done. "Civ.R. 30(A) provides that the attendance of a non-party witness deponent should be compelled by the use of subpoena as provided by Civ.R. 45." *State ex rel. The V Cos.* at 469. This indicates that other ways of compelling a deposition of a non-party are improper. "A nonparty need not appear in a matter absent a properly served subpoena." *Fuline v. Green*, 9th Dist. C.A. No. 25704, 2012-Ohio-2749, ¶ 20, citing *State ex rel. The V Cos.*; *see Bank of New York Mellon v. Wahle*, 9th Dist. No. 26313, 2012-Ohio-6152, (a subpoena could have been issued to compel a deposition rather than incorrectly attempted to compel her attendance through a notice).

{¶ 12} It is clear that Judge Herbert ordered Dr. Ghoubrial to testify at a deposition and not a hearing. Therefore, the April 3, 2015 entry by Judge Herbert was insufficient to compel Dr. Ghoubrial's attendance. The May 8, 2015 hearing did not take place and there is no hearing scheduled, therefore, a writ of prohibition is not necessary as the trial court is not about to take an action which this court would prohibit. The civil rules and case law make clear that Dr. Ghoubrial's attendance of a deposition can only be compelled by the issuance of a subpoena pursuant to Civ.R. 45.

{¶ 13} The magistrate's decision is adopted by this court. As a result, we deny the request for a writ of prohibition.

*Writ of prohibition denied.*

DORRIAN P.J., and HORTON, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State of Ohio ex rel.<br>Sam N. Ghoubrial, M.D., | : | |
| | : | |
|      **Relator,** | : | |
| | : | |
| v. | : | No. 15AP-470 |
| | : | |
| [Honorable] Paul M. Herbert, | : | (REGULAR CALENDAR) |
| | : | |
|      **Respondent.** | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

**Rendered on December 10, 2015**

*Winkhart, Rambacher & Griffin, Stephen P. Griffin,* **and**
*Michael J. Kahlenberg; David M. Best Co., L.P.A.* **and** *David
M. Best,* **for relator.**

*Richard C. Pfeiffer, Jr.,* **City Attorney, and** *Janet R. Hill
Arbogast,* **for respondent Honorable Paul M. Herbert.**

IN PROHIBITION

{¶ 14} Relator, Sam N. Ghoubrial, M.D., has filed this original action requesting that this court issue a writ of prohibition prohibiting respondent, the Honorable Paul M. Herbert, judge of the Franklin County Municipal Court, from enforcing the April 3, 2015 entry or issuing any further entries, which order relator to appear for a deposition in Franklin County, Ohio.

Findings of Fact:

{¶ 15} 1.  Respondent is the presiding judge over a personal injury civil action filed in the Franklin County Municipal Court captioned:   "Stephanie Freeman, Plaintiff v. David Ruff, Defendant, Case No. 2013 CVE 024497."

{¶ 16} 2.  In June 2014, the trial court sustained defendant's motion to order discovery and ordered plaintiff's treating physician, relator herein, to submit to a discovery deposition.  Upon agreement of the parties, the deposition was to take place on October 16, 2014 in Akron, Ohio, the city in which relator resides.

{¶ 17} 3. It is undisputed that, almost from the beginning, the deposition was marked by contentious behavior on the part of both defendant's and relator's counsel. The subject was whether relator had to answer questions concerning his treatment of one or both plaintiffs, whether compound questions were being asked, and whether defendant's counsel was interrupting relator's answers or clarifying the questions.

{¶ 18} 4.  Shortly after the deposition began, defendant's counsel terminated the deposition and indicated he would file a motion in the trial court seeking an order for relator to appear for his deposition in the Franklin County Municipal Court.

{¶ 19} 5.  Defendant did file a Motion for Court Ordered Discovery, which resulted in the April 3, 2015 entry referenced in relator's complaint.   That entry provides, in relevant part, as follows:

> On June 10, 2014, this court previously sustained Defendant's Motion to Order Discovery. The court ordered the Plaintiff's treating physician to submit to a discovery deposition at a reasonable hourly rate of $500.00 per hour. On July 30, 2014, the treating physician, through his attorney, filed  motion for reconsideration which argued the amount of payment for the physician's testimony was inadequate. Defendant's attorney not only agreed to pay the requested $1,500.00 in advance, but also to drive to Akron to take the physician's deposition. The agreed upon date was on October 16, 2014.
>
> On October 16, 2014, the discovery deposition of the treating physician was terminated early for a  variety of reasons. The court finds that the attorney for treating physician obstructed the process to such degree that the discovery rules were violated. It is clear that both attorneys in this

deposition were less than cordial. The actions of the physician[']s counsel, however, was violative in that rather than objecting to a question for the record, and then waiting for the court to rule on the objection at a later date, counsel for the treating physician seemed to make his own rulings and instructing his client accordingly. Although the court understands and appreciates counsel's intent, his actions were nevertheless out of order.

Therefore, this court hereby orders the treating physician, Dr. Sam Ghoubrial to appear for deposition before this court on May 8, 2015 at 10:00 a.m.

This is not a final appealable order. The Court hereby directs the Municipal Court Clerk to serve upon all parties notice of this judgment and its date of entry upon the journal.

{¶ 20} 6. On May 5, 2015, relator filed this prohibition action.

{¶ 21} 7. It is undisputed that the scheduled deposition did not occur on May 8, 2015 and, at this time, there is no entry ordering relator to appear for another scheduled deposition.

{¶ 22} 8. The matter has been briefed and the issue submitted to the magistrate.

Conclusions of Law:

{¶ 23} For the reasons that follow, it is this magistrate's decision that this court should not issue a writ of prohibition at this time.

{¶ 24} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 (1998). A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543 (2000).

{¶ 25} Civ.R. 30(A) specifically provides as follows:

(A) When depositions may be taken. After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. The

> attendance of a witness deponent may be compelled by the use of subpoena as provided by Civ.R. 45. * * *
>
> **(B) Notice of Examination; General Requirements; Nonstenographic Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone or Other Means.**
>
> **(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, a designation of the materials to be produced shall be attached to or included in the notice.**

**(Emphasis sic.)**

{¶ 26} As above indicated, Civ.R. 30 provides that any person may be deposed by oral examination provided they are given reasonable notice in writing. Civ.R. 30 also provides that the attendance of a witness deponent may be compelled through the use of a subpoena as provided by Civ.R. 45, which provides, in relevant part, as follows:

> (A) Form; Issuance; Notice.
>
> (1) Every subpoena shall do all of the following:
>
> (a) state the name of the court from which it is issued, the title of the action, and the case number;
>
> (b) command each person to whom it is directed, at a time and place specified in the subpoena, to:
>
> * * *
>
> (ii) attend and give testimony at a deposition in the county where the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court;

{¶ 27} Clearly, there is interplay between Civ.R. 30 and Civ.R. 45. In discussing that interplay, the 9th District Court of Appeals in <u>Ohio Civ. Rights Comm. v. Burch</u>, 9th Dist. No. 22185, 2005-Ohio-259 stated:

> Civ.R. 30(A) provides that a party can compel a party deponent to attend a deposition by giving the party deponent notice of examination as provided in Civ.R. 30(B). Civ.R. 30(A) also provides that the attendance of a witness deponent, i.e., non-party witness, may be compelled by the use of subpoena per Civ.R. 45.
>
> * * * In the event a non-party witness fails to obey a subpoena and attend his deposition, Civ.R. 45(E) provides that a court may find the *non-party* witness in contempt of court, and additionally authorizes the court to order the non-party witness, or his attorney if he frivolously resisted the discovery, to pay the deposing party's reasonable costs and attorney's fees incurred.

*Id.* at ¶ 15-16.

{¶ 28} The Supreme Court of Ohio's decisions in *State ex rel. The V Cos. v. Marshall,* 81 Ohio St.3d 467 (1998), discusses that interplay further. It is not necessary to recite all the facts of the underlying action. The V Companies ("V Group") filed a mandamus complaint in the Jefferson County Court of Appeals against Marshall. A few days after being served with the complaint, Marshall filed a notice to take the oral deposition of the president and chief executive officer ("CEO") of the V Group. Notice was served on V Group's attorney. The V Group notified Marshall that the CEO would not appear for the deposition because, among other reasons, his testimony was irrelevant and not reasonably calculated to lead to any relevant evidence in the underlying mandamus action. Marshall filed a motion to compel the V Group to comply with the noticed deposition and requested the court of appeals to stay further proceedings until the V Group complied. The V Group filed a motion for an order quashing the notice of deposition arguing, among other things, that Marshall had failed to issue a subpoena to the CEO for his deposition. The court of appeals did not rule on any of these motions and ultimately granted V Group's motion for summary judgment and issued a writ of mandamus to compel Marshall to perform the requested act.

{¶ 29} On appeal, Marshall argued that the court of appeals committed reversible error by failing to make any ruling on the discovery issues and by not permitting Marshall to proceed with discovery. Because the court of appeals did not rule on the motions, it was presumed that the court had overruled Marshall's motion to compel the deposition.

{¶ 30} The Supreme Court of Ohio determined that the court of appeals did not abuse its discretion by effectively overruling Marshall's motion to compel the deposition of the CEO and granting the V Group's motion to quash the notice of deposition, for several reasons, only one of which is relevant here. Specifically, the court stated:

> First, Marshall failed to subpoena [the president and CEO] for the deposition Civ.R. 30(A) provides that the attendance of a nonparty witness deponent should be compelled by the use of subpoena as provided by Civ.R. 45. *Fletcher v. Bolz* (1987), 35 Ohio App. 3d 129, 131, 520 N.E.2d 22, 24; Randle v. Gordon, 1987 Ohio App. LEXIS 9432 (Oct 29, 1987), Cuyahoga App. No. 52961, unreported, 1987 WL 19275.

*Id.* at ¶ 469.

{¶ 31} As above indicated, the civil rules provide that the proper manner in which to compel a non-party to appear for a deposition is through a subpoena issued under Civ.R. 45. The trial court's order was sufficient only up until the time relator refused to attend. At that time a subpoena was necessary.

{¶ 32} At this time, there is no pending trial court order requiring relator to appear for a deposition and while this could be an issue which is capable of repeating but avoiding review, the magistrate finds that the issuance of a writ of prohibition is not necessary as respondent is not about to take any action which this court could prohibit it from taking. For those reasons, although relator is correct to argue that a subpoena issued pursuant to Civ.R. 45 will be necessary to compel him to appear for the deposition, relator is not entitled to a writ of prohibition.

{¶ 33} Respondent argues that no subpoena is required because a subpoena is nothing more than a special entry from the court ordering the person named to appear for the deposition. Relator herein concedes that his attendance at the deposition can be compelled, but only by the issuance of a subpoena under Civ.R. 45. Based on the facts presented here, the civil rules at issue and the relevant case law, the magistrate finds that the court's April 3, 2015 entry was sufficient to notify him that his deposition was

scheduled but was not sufficient to compel relator to attend the deposition in the Franklin County Municipal Court on May 8, 2015. When relator indicated that he would not attend the deposition, the proper vehicle by which to compel his attendance was through a subpoena issued pursuant to Civ.R. 45.

{¶ 34} Because the hearing did not take place on May 8, 2015 and because there is no hearing currently scheduled, the trial court is not about to take action which this court would prohibit it from taking and this court should deny relator's request for a writ of prohibition.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).