VERONICA BLAKELY, a Minor, by Milton Blakely, her Father and Next Friend, Plaintiff-Appellant, v. SHIRLEY JOHNSON, Defendant-Appellee.

First District (4th Division) No. 61598

Opinion filed February 25, 1976.—Rehearing denied April 27, 1976.

Marshall I. Teichner, of Chicago, for appellant.

Parrillo, Bresler, Weiss & Moss, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Veronica Blakely, a minor, by Milton Blakely, her father and next friend, appeals from a judgment entered in the Circuit Court of Cook County after a jury verdict in favor of the defendant, Shirley Johnson.

The issue on appeal is whether the trial court abused its discretion in denying the plaintiff the right to call a doctor as a witness whose name was not disclosed in answers to interrogatories.

Veronica Blakely, aged 4½ at the time of the accident and aged 9 at the time of the trial, was injured on August 14, 1970, when she was struck by a car driven by Shirley Johnson at or near the corner of 147th Street and Winchester Avenue in Harvey, Illinois. A complaint was filed on May 26, 1971, charging the defendant with negligence. An answer filed on July 30, 1971, denied all material allegations contained in the complaint, and interrogatories were served on the plaintiff on the same date.

Answers to the interrogatories disclosed the plaintiff was treated by Dr. Loew and "other doctors unknown at this time," and that the plaintiff was treated at Ingalls Memorial Hospital and the University of Chicago Hospital. The deposition of Milton Blakely, the father and next friend of the minor was also taken, and he indicated his daughter was treated at the University of Chicago Hospital.

On October 30, 1972, the plaintiff subpoenaed the medical records from the University of Chicago Hospital, with notice to the defendant.

Supplemental interrogatories were served on the plaintiff on April 9, 1974, which inquired as to the names and addresses of doctors, learned since October 18, 1971, who treated the plaintiff for injuries sustained in the occurrence specified in the complaint. On April 18, 1974, an "Order For Production" stated the parties were to provide a list giving the names, addresses and specialties of all expert witnesses. Neither the supplemental interrogatories nor the order were answered by the plaintiff.

Upon commencement of the trial on October 4, 1975, the plaintiff's counsel in his opening argument stated he would call Dr. Ganz from the University of Chicago Hospital. During the course of the trial, when the plaintiff attempted to call Dr. Ganz as a witness, the defendant's attorney objected, based on the fact that his name had not been revealed previously.

When the court sustained the objection, the plaintiff's attorney became upset and did not call his remaining occurrence witness. He rested, stating that without the testimony of Dr. Ganz he was unable to prove the injury to the plaintiff and thus, was deprived of his right and duty to prove all the necessary elements of his case. Plaintiff's counsel then made an oral motion and a subsequent written motion to reopen the case, and put Dr. Ganz on the stand subject to allowing defense counsel to depose him. He argued the defendant knew through interrogatories and by deposition that the plaintiff had been treated at the University of Chicago Hospital, that the records were available to defendant, and that the name of Dr. Ganz appeared on those records. He also appealed to the court on the basis that the plaintiff was a minor and was a ward of the court entitled to its protection. The court denied the motions and denied a subsequent motion for a mistrial, as well.

Defense counsel put on his case, and the jury returned a verdict in favor of the defendant and answered "No" to the special interrogatory: "Was the defendant, before and at the time of the occurrence in question, guilty of negligence which was the proximate cause of the injury

to the plaintiff?" Plaintiff's post-trial motion was denied on December 15, 1974.

The plaintiff contends the court abused its discretion in refusing the plaintiff the right to call a witness on the element of injury resulting in damage to the plaintiff. Supreme Court Rule 219(c) (Ill. Rev. Stat. 1973, ch. 110A, §219(c)) provides:

> "(c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, ·the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
>
> *    *    *
>
> (iv) that a witness be barred from testifying concerning that issue."

In the case of *Carlson v. General Motors Corp.* (1972), 9 Ill. App. 3d 606, 619-20, the court stated the general rule as to when a witness may be barred from testifying:

> "It is the general rule that the appropriateness of imposing sanctions against a party for non-compliance with the discovery rules (if a sanction is to be imposed at all) is within the discretion of the trial judge. (*Buckler v. Sinclair Refining Co.*, 68 Ill. App. 2d 283, 290, 216 N.E.2d 14.) Factors to be considered are the surprise of the testimony to the opposing party *  *  * the prejudicial effect of the testimony, the diligence of the opposing party in seeking discovery, timely objection to the testimony and good faith of the party calling the witness *  *  *."

In the case at bar it appears there was no breach of good faith on the part of the plaintiff in that there was no attempt to hide the witness. It also appears there was no surprise to the defendant because it was reasonable for defense counsel to expect that a doctor would testify as to the plaintiff's injuries. There should have been no prejudice to the defendant, particularly if an opportunity was given to the defense counsel to depose the witness.

It is significant that the plaintiff was a ward of the court as a minor and was entitled to the court's protection. In the case of *Scheffki v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1971), 1 Ill. App. 3d 557, 561, the court stated:

> "Defendant's argument overlooks that this case involves a minor. It is the public policy of this state that rights of minors

be carefully guarded. (*Muscarello v. Peterson,* 20 Ill. 2d 548, 170 N.E.2d 564.) A minor who becomes a party to a litigation is a ward of the court, and a duty devolves upon the court to protect his rights. *Giles v. Kuennen,* 50 Ill. App. 2d 389, 200 N.E.2d 143."

Also see *Phelan v. Santelli* (1975), 30 Ill. App. 3d 657, and *Huff v. Illinois Central R.R. Co.* (1972), 4 Ill. App. 3d 113.

■■ In this circumstance it was clearly an abuse of discretion for the court to refuse to allow the doctor to testify.

It also appears the plaintiff's attorney became frustrated when the court refused to allow the doctor to testify and as a result failed to call his remaining witness. We think that as a ward of the court the plaintiff should have been protected even against the failure of her trial lawyer to proceed with his case after the adverse ruling.

■■ The defendant asserts the judgment of the trial court should be affirmed because the plaintiff failed to specifically attack the finding of the jury on the special interrogatory in his post-trial motion. She relies on the cases of *Huff v. Illinois Central R.R. Co.* (1972), 4 Ill. App. 3d 113, and *Quagliano v. Johnson* (1968), 100 Ill. App. 2d 444. Those cases are not in point here where the judgment was attacked based upon a trial error rather than upon the manifest weight of the evidence where the special interrogatory is deemed to be controlling.

From the totality of the record we believe the minor plaintiff was not given a full and complete or fair trial; and therefore, we set aside the general verdict and special interrogatory and reverse for a new trial.

For these reasons, the judgment of the Circuit Court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded for new trial.

JOHNSON, P. J., and BURMAN, J., concur.