LARRY CLAY *et al.*, Plaintiffs-Appellants, v. LITTLE COMPANY OF MARY HOSPITAL *et al.*, Defendants-Appellees.—SANDRA McCORD *et al.*, Plaintiffs-Appellants, v. OAK PARK HOSPITAL *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 1—92—2484, 1—92—2485 cons.

Opinion filed December 27, 1995.

Leo M. Bleiman, of Chicago, for appellants.

Kevin M. Forde and Ava Borrasso, both of Chicago, and Herbert F. Kaiser, of San Francisco, California, for appellee Hospital Correspondence Copiers/Complex Health Care Services.

R. Howard Jump, of Chicago, for appellee Smart Corporation.

William G. Swindal and Joshua G. Vincent, both of Chicago, for appellees St. Bernard Hospital and Palos Community Hospital.

Kevin J. Egan, Robert Marc Chemers, Richard William Austin, and David B. Gelman, all of Chicago, for other appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs filed two separate actions in the circuit court of Cook County. Plaintiffs sought relief under section 8—2001 of the Code of Civil Procedure (hereinafter section 8—2001) (Ill. Rev. Stat. 1991, ch. 110, par. 8—2001 (now 735 ILCS 5/8—2001 (West 1994))) and the Illinois Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121½, par. 261 *et seq.* (now 815 ILCS 505/1 *et seq.* (West 1994))). In the first action, *Clay v. Little Company of Mary Hospital* (Cir. Ct. Cook Co.), No. 91—CH—3135, seven plaintiffs sued eight hospital defendants and a private record copy service company, Hospital Correspondence Copiers/Complex Health Care Services (hereinafter HCC). In the second action, *McCord v. Oak Park Hospital* (Cir. Ct. Cook Co.), No. 91—CH—3205, 10 plaintiffs sued 9 hospital defendants and a private record copy service company, Smart Corporation (hereinafter Smart). The circuit court consolidated these cases. Defendants moved to dismiss the complaints for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS

5/2—615 (West 1994))). The circuit court granted defendants' motion to dismiss. It is from this judgment that both the original sets of plaintiffs now separately appeal pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301). We consolidated the two appeals for appellate review.

## STATEMENT OF FACTS

Plaintiffs allege that each of them had been a patient in at least one of each of the defendant hospitals. All plaintiffs, after being released from the hospital, had requested in writing that their various medical records be sent to them, their respective attorneys or their respective agents in order to copy the data. The hospitals complied with the request and sent the documents to be photocopied by one of the photocopy shops, Smart or HCC. However, the hospitals sent the medical records to Smart and HCC without the written approval of plaintiffs. The hospitals then transmitted these photocopies prepared by Smart and HCC to plaintiffs. Plaintiffs were then billed for the cost of copying the records, and some incurred finance charges for not paying the bills on time.

Plaintiffs allege that the hospitals cannot give photocopy shops access to medical records without giving the same access to the patient. Furthermore, plaintiffs state that photocopying a patient's records without the patient's explicit authorization is in breach of the implied confidentiality provisions of section 8—2001.

Plaintiffs further claim that they do not have a contractual relationship with certain photocopy shops, and if they are obligated to pay the copy bills, plaintiffs would incur damages. Plaintiffs argue that they never agreed to pay the copy shops for the services provided. Plaintiffs also allege that defendants have breached the confidentiality of plaintiffs' records. The trial court entered judgment in favor of defendants based upon there being no cause of action. The trial court held that section 8—2001 was an access statute and that plaintiffs received the required access to their records and, thus, no damages were incurred.

## OPINION

■ Plaintiffs' amended complaint was dismissed by the circuit court for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1994))). A motion to dismiss under section 2—615 challenges the legal sufficiency of the complaint. (*Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458.) The relevant inquiry is whether sufficient facts are contained in the pleadings

which, if proved, would entitle the plaintiff to relief. (*Urbaitis*, 143 Ill. 2d at 475.) Upon review of an order granting a section 2—615 motion, all well-pleaded facts are taken as true. (*Boyd v. Travelers Insurance Co.* (1995), 166 Ill. 2d 188.) In reviewing orders on motions to dismiss, we apply a *de novo* standard of review. *Dace International, Inc. v. Apple Computer, Inc.* (1995), 275 Ill. App. 3d 234, 237.

■ Count I of the amended complaint presents the question of whether section 8—2001 creates a statutory duty wherein a hospital must provide access to the original records for copying upon a patient's request. Section 8—2001 provides as follows:

> "Examination of records. Every private and public hospital shall, upon the request of any patient who has been treated in such hospital and after his or her discharge therefrom, permit the patient, his or her physician or authorized attorney to examine the hospital records, including but not limited to the history, bedside notes, charts, pictures and plates, kept in connection with the treatment of such patient, and permit copies of such records to be made by him or her or his or her physician or authorized attorney. A request for examination of the records shall be in writing and shall be delivered to the administrator of such hospital." (Ill. Rev. Stat. 1991, ch. 110, par. 8—2001 (now 735 ILCS 5/8—2001 (West 1994)).)

Case law has held that this particular section gives patients access to their records, not necessarily the original records.

The first important case addressing this issue is *Cannell v. Medical & Surgical Clinic* (1974), 21 Ill. App. 3d 383, wherein an attorney had asked a medical clinic for the medical information of one of his clients. The clinic refused to provide the attorney with the information, and a lawsuit ensued. The *Cannell* court held that under the physician-patient relationship, a hospital or clinic is required to disclose medical information to a patient or agent upon request. (*Cannell*, 21 Ill. App. 3d at 384-85.) The court went on to state that "[a]lthough information must be given, the physician's records themselves need not be turned over to the patient." (*Cannell*, 21 Ill. App. 3d at 385.) Thus, *Cannell* held that clinics and hospitals do not have to give the original records in order to comply with section 8—2001.

In *Rabens v. Jackson Park Hospital Foundation* (1976), 40 Ill. App. 3d 113, the court upheld *Cannell* in that hospitals have a common law duty to disclose, upon request, medical data to a patient or his agent. However, the court found that there is no statutory requirement that a patient's medical information be released at no charge. The *Rabens* court did find a cause of action in part of the plaintiff's amended complaint where he had requested that the administrator

specify a reasonable time and place for the examination of the plaintiff's records. The court emphasized that "we do not believe that the statute was intended to require the physician or attorney to physically appear at the hospital and be refused access to the records before there is a violation of the statute by the hospital." (*Rabens*, 40 Ill. App. 3d at 117.) Thus, it would be sufficient to allege a demand under the statute.

In *Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302, the Illinois Supreme Court ruled that hospitals need to maintain custody and control over their medical records at all times. In *Rodgers*, the plaintiff had a statutory civil action against the hospital for losing part of his deceased wife's medical records, since it had resulted in the loss of his wife's malpractice action. Thus, *Rodgers* concluded that releasing such original documents could create liability and legal actions for the destruction of possible evidence in a case.

■ After a careful review of the record, we perceive no error in the trial court's order dismissing plaintiffs' complaint for failure to state a cause of action against defendants. We construe section 8—2001 to be an access statute, wherein a hospital has the obligation to enable patients to obtain copies of their medical records in a timely manner. All of the case law supports this construction. The statute leaves implementation of the duty to those that are most intimately involved. It is within the scope of the statute that a hospital can use independent contractors, agents or employees in order to allow patients access to their records.

However, section 8—2001 does not state that patients are entitled to personally copy the original records. Nor does the statute purport to mandate the means by which a hospital must provide patients' medical data. The patient's right of access to his medical records is unaffected by "who" makes the copies requested by the patient. Copies made "for" the patient are just as good as copies made "by" the patient. In the case *sub judice,* plaintiffs, upon request, were given access to their records in a timely manner. We find that plaintiffs cannot claim that there was a violation of section 8—2001.

Moreover, for public policy reasons, proper maintenance of medical records is of paramount importance to physicians and patients alike. These records are hospital records. The hospitals have the responsibility of ensuring that the records are not lost, destroyed or altered. In addition, we note that a patient is not entitled to free copies (*Rabens*, 40 Ill. App. 3d at 117), and thus, a patient may be billed for the photocopies, regardless of whether a hospital or a photocopy shop charges them. Thus, we believe that if the hospitals meet their statutory duties with administrative as well as cost efficiency, the purpose of section 8—2001 will be fulfilled.

■ The requirements of section 8—2001 only impose the duties on hospitals. We will now examine whether photocopy shops breached the patients' confidentiality when copying records under section 8—802 of the Code of Civil Procedure (hereinafter section 8—802) (Ill. Rev. Stat. 1991, ch. 110, par. 8—802 (now 735 ILCS 5/8—802 (West 1994))). Section 8—802 states that "[n]o physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient, except only *** (3) with the expressed consent of the patient." Ill. Rev. Stat. 1991, ch. 110, par. 8—802 (now 735 ILCS 5/8—802 (West 1994)).

We are not persuaded by plaintiffs' contention that section 8—802, the patient-doctor privilege, can be contorted into a prohibition against a hospital's utilization of employees, agents or independent contractors to fulfill the patient's requests for copies of medical records. Moreover, plaintiffs did not allege in their amended complaint that Smart or HCC disclosed their medical data. The truth of the matter is that the photocopy shops simply photocopied the records and sent them to the hospital. There is no legal or factual distinction; in regard to the confidentiality factor, between a copy shop, hospital personnel, or a patient's agent photocopying the records. We cannot find that ministerial duties, such as photocopying material, breach the patient's right to confidentiality. Contrary to what plaintiffs would have us believe, many hospitals do have the discretion to use such means that will provide medical records to patients in the most efficient manner possible. We hold that plaintiffs have failed to state a cause of action as to the photocopy shops, Smart and HCC. Accordingly, we find that the pleadings are insufficient to entitle plaintiffs to relief and therefore affirm the trial court's order.

This is not to say that hospitals have unfettered discretion to send a patient's medical records to any copy shop in the area. The photocopy must be done in a reasonable manner. The charges that the patient incurs must also be reasonable. Many hospitals have on-site photocopying machines, and this would be adequate since it would allow a patient the opportunity to copy the records himself. Moreover, we believe that the original records may be examined, under reasonable condition, by a patient upon demand.

■ As to count II of the amended complaint, alleging a violation of the Consumer Fraud and Deceptive Business Practices Act, we find this issue waived for purposes of review. See *Hutchings v. Bauer* (1991), 212 Ill. App. 3d 172, 183.

In light of all the foregoing, we affirm the trial court's order in granting defendants' motion to dismiss plaintiffs' amended complaint.

Judgments affirmed.

RIZZI and CERDA, JJ., concur.