OSCAR DeLUNA, Adm'r of the Estate of Alicia DeLuna, Plaintiff-Appellant, v. MICHAEL TREISTER *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 1—94—1397, 1—94—2719 cons.

Opinion filed November 27, 1996.—Rehearing denied February 7, 1997.

26

DiVITO, J., dissenting.

Michael W. Rathsack, of Chicago (Michael W. Rathsack and Eloy Burciaga, of counsel), for appellant.

Law Offices of Ruth E. Vandemark, of Chicago (Ruth E. Vandemark and Ralph N. Glader, of counsel), for appellee Michael Treister.

Pretzel & Stouffer, Chartered, of Chicago (Betty-Jane Schrum, Robert Marc Chemers, and Anne Scheitlin Johnson, of counsel), for appellee St. Elizabeth's Hospital.

JUSTICE SCARIANO delivered the opinion of the court:

This is the second appeal of this matter, again via the dismissal of plaintiff's medical malpractice claim, albeit on a different basis this time.[1] In 1987, the first action was dismissed by the circuit court on the ground that plaintiff had not complied with the requirements of section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1992)) (hereinafter the Code). In that case, plaintiff maintained that section 2—622 was an unconstitutional delegation of judicial power to lay persons, specifically, to health professionals from whom plaintiffs were required to obtain certification of the merits of their medical malpractice claims as a precondition to proceeding with their action. On appeal, we agreed with plaintiff, and the order of the circuit court was reversed (*DeLuna v. St. Elizabeth's Hospital*, 184 Ill. App. 3d 802, 540 N.E.2d 847 (1989)). We, in turn, were reversed by our supreme court (*DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1199 (1992) (*DeLuna I*)).

Plaintiff thereupon filed a new complaint, substantially identical to the first one, but now supported by the certification of a health professional as mandated by section 2—622 of the Code. Notably, this version of the complaint was filed as a new case, with a new case number. This time, the circuit court dismissed the action on the ground that it was barred by the doctrine of *res judicata*, the judge

---

[1]The first action was filed by Guadalupe DeLuna, individually and as special administrator of his late wife's estate. Mrs. DeLuna was survived by four minor children. Mr. DeLuna died during the pendency of the first appeal and was succeeded as special administrator by the eldest child, Oscar, who had reached his majority; Oscar still serves in a representative capacity for his three siblings. For ease of understanding, we refer to both Guadalupe and Oscar DeLuna collectively as "plaintiff."

having concluded that the dismissal of the first case was an adjudication on the merits, citing Supreme Court Rule 273 (134 Ill. 2d R. 273). This appeal concerns the propriety of that decision.

## I. Factual And Procedural Background

The facts of this case were fully described in the appeal of the first action (*DeLuna v. St. Elizabeth's Hospital*, 184 Ill. App. 3d 802, 504 N.E.2d 847 (1989), *rev'd*, 147 Ill. 2d 57, 588 N.E.2d 1199). We confine our recitation to those facts necessary to an understanding of our disposition of this matter.

The decedent, Alicia DeLuna, was admitted to defendant St. Elizabeth's Hospital in 1986, where defendant Dr. Michael Treister, her treating physician at the time, performed a laminectomy on her. It was alleged that he lacerated an artery during that procedure, that he negligently failed to recognize the injury, and that the resultant bleeding caused Mrs. DeLuna's death. We deem it necessary to emphasize that because of the prior dismissal orders, neither the truth nor the merits of these allegations have ever been submitted to a fact finder for resolution.

As already noted, plaintiff filed suit against both defendants in 1986 (circuit court case number 86 L 8412), but failed to append to his complaint the requisite health professional's certificate attesting to the merits of the malpractice claims presented. When that initial action was filed in the circuit court, the constitutional challenge to section 2—622 posed by plaintiff was pending before our supreme court in another case, *McCastle v. Sheinkop*, 121 Ill. 2d 188, 520 N.E.2d 293 (1987). Plaintiff made the conscious decision to assert the same challenge to the constitutionality of section 2—622 and chose not to attach the declarations to his complaint as required by the Code. As required by statute, the circuit court applied section 2—622 and dismissed the action as to both the hospital and Dr. Treister, though only the latter dismissal was entered "with prejudice." Plaintiff appealed both dismissals, which were consolidated in this court, and further action thereon was stayed pending decision in *McCastle*.

The supreme court decided *McCastle* without having to reach the constitutional issue; consequently, the initial *DeLuna* appeal went forward. In this forum, plaintiff attacked both the constitutionality of section 2—622 and the propriety of the "with prejudice" language in the order dismissing his action against Dr. Treister. We ruled section 2—622 to be unconstitutional, thus finding it unnecessary to reach the second issue. *DeLuna v. St. Elizabeth's Hospital* (1989), 184 Ill. App. 3d 802, 540 N.E.2d 847 (1989). Defendants appealed our deci-

sion, and the supreme court upheld the constitutionality of section 2—622. *DeLuna I*, 147 Ill. 2d 57, 588 N.E.2d 1199. The supreme court further rejected plaintiff's repeated entreaties either to remand the case to permit plaintiff to attach the mandated certification to his complaint or to address the propriety of the "with prejudice" language in the dismissal of the action against Dr. Treister. *DeLuna I*, 147 Ill. 2d at 76.

Accordingly, plaintiff opted to refile the suit as a new case, circuit court case number 93 L 13826. Dr. Treister moved to dismiss, this time asserting that the previous dismissal "with prejudice" was an adjudication on the merits by operation of Supreme Court Rule 273 (134 Ill. 2d R. 273) and, thus, a *res judicata* bar to the new action.

Plaintiff unsuccessfully renewed his attack on the propriety of the "with prejudice" clause of the order dismissing the action as to Dr. Treister in *DeLuna I*, and when the circuit court dismissed the new action as to the doctor, plaintiff appealed. The hospital moved that it be dismissed as well, urging that inasmuch as its liability was derivative of that of the doctor, dismissal of the new action against him required that the hospital also be dismissed. See *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 382 N.E.2d 1217 (1978). The circuit court granted that request, plaintiff again appealed, and we again consolidated the cases in this forum.

## II. Opinion

Reacting to the perceived crisis in medical malpractice claims, the legislature in 1985 adopted a comprehensive "reform" package which included the enactment of section 2—622. *Bernier v. Burris*, 113 Ill. 2d 219, 229, 497 N.E.2d 763 (1986). That law was designed to weed out frivolous suits at the filing stage by requiring plaintiffs to "precertify" their claims, showing the existence of expert support by affidavit. *DeLuna I*, 147 Ill. 2d at 65. The circuit court was vested with discretion to allow amendments to complaints and affidavits in order to insure that a mechanical application of this prophylactic rule would not cause any unjust result. *McCastle*, 121 Ill. 2d 188. In adjudicating this case, we must be mindful of the legislature's intent in promulgating section 2—622 and give it effect, rather than thwart it.

On appeal, plaintiff raises three issues: (a) whether the dismissal of Dr. Treister in the first case was properly entered with prejudice; (b) whether that order, even if properly entered with prejudice, was an adjudication on the merits, thus establishing a *res judicata* bar; and (c) whether it was proper to dismiss the action as to the hospital, regardless of the propriety of the second dismissal of Dr. Treister. All

three present questions of law rather than issues of fact; accordingly, our review is *de novo*.

At its heart, plaintiff's appeal concerns the inequity inherent in the dismissal of his complaint. Dr. Treister concedes in this appeal that plaintiff's constitutional challenge in *DeLuna I* was "not baseless or frivolous." Indeed, in the first appeal, our ruling that section 2—622 was unconstitutional was unanimous, and the vote to reverse by the supreme court was 4 to 3. Nonetheless, it is clear that in 1987, plaintiff was faced with a difficult choice: either comply with the dictates of section 2—622 (thereby mooting irretrievably any issue regarding constitutionality) or accept a dismissal with prejudice (in order to gain access to our reviewing courts to obtain a definitive ruling as to the constitutionality of the law). Plaintiff elected to seek a final and conclusive ruling on that crucial threshold issue.

Because the parties most interested in the outcome of this appeal are Mrs. DeLuna's minor children, plaintiff implores us to act solicitously with regard to their interests. See *Muscarello v. Peterson*, 20 Ill. 2d 548, 170 N.E.2d 564 (1960); *Blakely v. Johnson*, 37 Ill. App. 3d 112, 345 N.E.2d 814 (1976). We agree that a wooden application of the *res judicata* doctrine, if allowed to stand, would effectively preclude plaintiff from ever testing defendants' negligence in an evidentiary hearing. We need not, however, respond to plaintiff's imprecations for judicial solicitude, for we believe this case turns on an appreciation of the role the legislature contemplated for section 2—622.

(A) The Dismissal Of The First Action Against Dr. Treister

■ As in the circuit court, plaintiff begins with an attack on the "with prejudice" language in the order dismissing the first action against Dr. Treister. Though plaintiff offers a myriad of reasons for undoing (or, in plaintiff's analysis, "correcting") that order, we simply cannot agree. This result is mandated by three distinct, but independently adequate, reasons: (a) the issue has already been definitively resolved; (b) we have no jurisdiction to alter the order; and (c) plaintiff is judicially estopped from even advancing such a claim.

*The Effect of the Prior Appeal*: We must reject out of hand the astounding claim implicit in plaintiff's argument: that this court is somehow empowered to overturn a supreme court decision. See *Shortridge v. Sherman*, 84 Ill. App. 3d 981, 406 N.E.2d 565 (1980). At any rate, since plaintiff challenged the "with prejudice" language of Dr. Treister's dismissal at all levels of the judicial system in *DeLuna I*, resulting in a final and conclusive determination of that issue in the supreme court, he cannot now renew that attack. *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 413, 259 N.E.2d 282 (1970).

*The Scope of Appellate Jurisdiction*: The notice of appeal filed in this cause gives us jurisdiction over case number 93 L 13826; we have no jurisdiction over case number 86 L 8412 for any purpose. *That case is simply not before us.* See *Dobsons, Inc. v. Oak Park National Bank*, 86 Ill. App. 3d 200, 407 N.E.2d 993 (1980).

*Judicial Estoppel*: Plaintiff was entitled to challenge section 2—622 in this court on the basis of the circuit court's dismissal with prejudice of the first action against Dr. Treister. It goes without saying that had Dr. Treister been dismissed without prejudice, as happened in the case of the hospital, there would not have been the required final and appealable order to invoke the jurisdiction of any reviewing court in this state. *DeLuna I*, 147 Ill. 2d at 76. Having obtained the benefit of an appealable order, it would be anomalous at best to permit plaintiff even to suggest that we rescind the jurisdiction of both the appellate court and the supreme court in *DeLuna I*. The doctrine of judicial estoppel was intended for just this type of a situation. *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 259 Ill. App. 3d 836, 849-50, 635 N.E.2d 485 (1994).

For all these reasons, we decline plaintiff's invitation to tamper with the "with prejudice" language from the order dismissing Dr. Treister in the first action.

### (B) Was the Dismissal "On the Merits"?

■ The doctrine of *res judicata* creates a bar to subsequent actions if three elements are present: (a) a final judgment on the merits; (b) identity of the causes of action; and (c) an identity of the parties or their privies. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74, 642 N.E.2d 456 (1994). The parties agree that the latter two ingredients of the doctrine are present; only the presence of the former is at issue.

Dr. Treister posits that a dismissal with prejudice is, *per se*, an adjudication on the merits by application of Supreme Court Rule 273 (134 Ill. 2d R. 273); thus, he argues, the doctrine of *res judicata* bars the second complaint.[2] We cannot agree.

Not every dismissal with prejudice rises to the level of an

---

[2]Defendants' averment (like plaintiff's argument discussed in section A above) is a curious repudiation of their position in the initial appeal. We summarized their review of section 2—622 then as follows:

"The health professional *** is asked only to render an advisory opinion as to whether there exists a factual basis for the filing of a suit. Defendants argue that these opinions have no evidentiary weight, are not binding as to either party, and do not in any way impinge on the judiciary's role of applying the law and rendering a final judgment on

adjudication on the merits. Dr. Treister's analysis suffers from dual infirmities: it misapprehends the meaning of the term "on the merits"; and it misconstrues the nature of a dismissal under section 2—622.

■ Supreme Court Rule 273 is central to Dr. Treister's argument and the circuit court's decision. That rule states:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

The first dismissal of plaintiff's action against Dr. Treister was simply and solely for noncompliance with section 2—622. The issue thus becomes: can such a dismissal be equated with a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party? If it does not fit within these exceptions, the rule renders it an adjudication on the merits for purposes of *res judicata.*

■ *The Meaning of "On the Merits"*: At the outset, we note that while the terms of art "dismissal with prejudice" and "adjudication on the merits" are roughly equivalent, and sometimes used interchangeably,[3] they are neither identical nor coterminus. The distinction is implicit in Rule 273 itself. If such dismissals were always adjudications on the merits, the rule would be internally inconsistent: it would be possible for such dismissals to be adjudications on the merits (by stating they are entered "with prejudice") while at the same time negating that effect (by allowing the circuit court to "otherwise specify"). In fact, those were the precise circumstances presented in *Walters v. Yellow Cab Co.*, 273 Ill. App. 3d 729, 653

---

the merits of the case." *DeLuna v. St. Elizabeth's Hospital,* 184 Ill. App. 3d 802, 805-06 (1989).

Defendants' assertion was ultimately incorporated in the *DeLuna I* court's decision (147 Ill. 2d at 72).

Now that plaintiff has complied with section 2—622, and the certification attesting to the merits of the suit has been filed, however, defendants argue that the prior failure to comply with section 2—622 *does* affect the merits of the action. This repudiation would contradict the spirit of section 2—622 and permit defendants to ride with the hounds and the fox simultaneously.

[3]For example, in *Van Slambrouck v. Marshall Field & Co.*, 98 Ill. App. 3d 485, 487, 424 N.E.2d 679 (1981), the court stated that a dismissal with prejudice is "tantamount" to an adjudication on the merits. "Tantamount" is defined as "equivalent in effect or value" (American Heritage Dictionary 1243 (2d Coll. ed. 1985)). Equivalence is not identity.

N.E.2d 785 (1995). There, the circuit court dismissed a claim with prejudice, but stated that the dismissal was not to be deemed an adjudication on the merits. The *Walters* court affirmed that decision as being wholly consonant with Rule 273. See also *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 77, 642 N.E.2d 456 (1994) (holding that summary judgment on statute of limitations grounds is not an adjudication on the merits because "the merits of the action are never examined. To label such an order as an adjudication on the merits would be the quintessential act of exalting form over substance").

The unifying factor in these cases is that Rule 273 must always be applied in a manner that harmonizes its effect with its purpose, rather than to entice the fly into the spider's parlor. The rule prevents claimants who have had their day in court from making careers of their cases; it does not deny such claimants their day in court. Here, plaintiff has never had his day in court on the merits of his claim; the complaint was dismissed both times for perceived procedural infirmities. *It bears repeating that, to date, there have been no hearings on the merits of the action against Dr. Treister.* Indeed, the only thing approaching an evidentiary evaluation of the merits of the claim is the section 2—622 certification attached to the second complaint, which affirms the basis for the claim, and even then it only permits the claimant entry through the courthouse door. To say that a plaintiff's action has been adjudicated on the merits would thus exalt form over substance. *Downing*, 162 Ill. 2d at 77.

*The Effect of a Dismissal Under Section 2—622*: Our analysis thus far, however, has been merely adumbrative. Although we have not encountered any discussion of this precise issue in any Illinois case, it was anticipated by our supreme court in *McCastle v. Sheinkop*, 121 Ill. 2d 188, 520 N.E.2d 293 (1987); resolved under the Federal Rules of Civil Procedure in *Costello v. United States*, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534 (1961) (*Costello*); and adopted in the Restatement (Second) of Judgments.

In *McCastle*, the plaintiff's medical malpractice action had been dismissed with prejudice by the circuit court for the same reason that plaintiff's action against Dr. Treister was dismissed, the *McCastle* court believing that this result was mandated by section 2—622 of the Code. In reversing, the supreme court stated:

> "[W]e have held that an act of the legislature will not be construed so as to lead to absurd, inconvenient or unjust consequences [citation] and such would be the consequence if here the court were without authority to permit amendments to add the necessary affidavits. Requiring that section 2—622 dismissals be with preju-

dice would be a triumph of form over substance. *It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms. We decline to ascribe such intentions to the legislature.*" (Emphasis added.) *McCastle*, 121 Ill. 2d at 193. The emphasized language is of paramount importance, the supreme court stating unequivocally that such dismissals are *not* substantive defenses that act as permanent bars to such actions. *McCastle* thus suggests the controlling question: if section 2—622 is not a substantive defense, then what breed of animal is it?[4]

The claim that the dismissal was based upon defendants having invoked a "defense on the merits" is also unavailing to them. A "defense on the merits" is defined as:

"one which depends upon the inherent justice of the defendant's contention, as shown by the substantial facts of the case, as distinguished from one which rests upon technical objections or some collateral matter. Thus there may be a *good* defense growing out of an error in the plaintiff's pleadings, but there is not a defense on the merits unless the real nature of the transaction in controversy shows the defendant to be right." (Emphasis in original.) Black's Law Dictionary 1181-82 (3d ed. 1933) (and cases cited therein).

Accord, *Passanante v. Callier*, 61 Ill. App. 3d 360, 363, 377 N.E.2d 1304 (1978). The dismissal of the first action against Dr. Treister cannot be equated in any way with a defense on the merits. The dismissal was not based on the "inherent justice" of his contentions; instead, it was based entirely upon plaintiff's insistence upon his right to test the seriously disputed constitutionality of section 2—622.

■ Having eliminated both "substantive defenses" and "defenses on the merits" from the analysis still does not answer the critical question. The Restatement (Second) of Judgments offers immense assistance in answering it. There, it is indicated:

"A valid and final personal judgment for the defendant, which rests on the prematurity of the action *or on the plaintiff's failure to satisfy a precondition to suit*, does not bar another action by the plaintiff instituted after the claim has matured, or the precondi-

---

[4]The dissent summarily dismisses our supreme court's characterization of section 2—622 as imposing "a condition [on] proceeding with a meritorious medical malpractice action" (*Miller v. Gupta*, 174 Ill. 2d 120, 126 (1996)) as mere *dicta*. To the contrary, *Gupta* confirms the basis for our decision: section 2—622 is designed to impose a jurisdictional precondition to proceeding on meritorious actions. As such, Rule 273 does not operate to create a judgment bar to the instant suit.

tion has been satisfied, unless a second action is precluded by operation of the substantive law." (Emphasis added.) Restatement (Second) of Judgments § 20(2) (1982).

Here, section 2—622 creates a precondition. As stated in *McCastle*, section 2—622 was not intended to create a permanent bar. The *DeLuna I* court expanded upon that concept, stating:

"The statute merely requires a litigant to submit, in a timely manner, certification declaring the meritorious basis for the alleged cause of action." *DeLuna I*, 147 Ill. 2d at 72.

Thus, section 2—622 does not bar entry into the courtroom. This immediately distinguishes dismissals based on statutory defenses such as the statute of frauds and the statute of limitations. Dismissals predicated on those defenses become *res judicata* bars precisely because by their very nature they survive attacks on the dismissal or judgment reached.

■ The failure to comply with section 2—622, by contrast, lacks these attributes. It is akin to (if not identified with, as we discuss below) the exceptions listed under Rule 273: lack of jurisdiction, improper venue, or failure to join indispensable parties. *McCastle* directs us to treat the failure to file the requisite certification in the same fashion.

This reading of *McCastle* is confirmed by tracing the origins of Supreme Court Rule 273. That rule was borrowed from and tracks Rule 41(b) of the Federal Rules of Civil Procedure, which recites:

"For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

See *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 125, 382 N.E. 2d 1217 (1978); 134 Ill. 2d R. 273, Committee Comments. Accordingly, like the *Towns* court, we look to federal case law construing Rule 41(b) for guidance. In this connection, we find *Costello* to be particularly on point and dispositive of the issue.

The parallels between *Costello* and this case are striking. In *Costello*, the government brought two successive denaturalization cases against defendant; here, plaintiff filed two successive malpractice actions against defendants. In *Costello*, the law required that a denaturalization complaint be supported by an affidavit of good cause as a prerequisite to initiating the proceeding; here, section 2—622 mandates that the complaint be accompanied by the certification of a

health professional that there is a reasonable and meritorious cause for filing the malpractice action. In *Costello*, the trial court's dismissal of the first complaint was affirmed by the United States Supreme Court because of the failure of the government to file the required affidavit; here, our supreme court affirmed the dismissal of plaintiff's first action for failure to file the section 2—622 certification. In *Costello*, the Supreme Court, in considering the petitioner's argument that the proceeding was barred because the earlier dismissal did not indicate that it was entered with prejudice, noted that the trial court specifically declined to state whether it was with or without prejudice and proceeded to determine the merits of the case; here, the dismissal expressly stated that it was with prejudice. In *Costello*, the government initiated an entirely new proceeding, this time with the requisite affidavit; here, plaintiff filed a new action comporting with section 2—622. In *Costello*, the defendant argued that dismissal of the first complaint barred the new suit under the doctrine of *res judicata* pursuant to Rule 41(b); here, Dr. Treister (and derivatively, the hospital) make the same argument, invoking Supreme Court Rule 273.

In *Costello*, the Supreme Court rejected the defendant's procedural analysis, holding that the term "lack of jurisdiction" was flexible enough to encompass dismissals for failure to file the required affidavit. "We hold that a dismissal for failure to file the affidavit of good cause is a dismissal 'for lack of jurisdiction,' within the meaning of the exception under Rule 41(b)." *Costello*, 365 U.S. at 285, 5 L. Ed. 2d at 564, 81 S. Ct. at 544.

In reaching that decision, the *Costello* court was guided by the same precepts as we have noted above: the origins and purpose of the rule, tracing them to common law precedents.

> "At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. *** In *Hughes v. United States*, 4 Wall 232, 237, it was said: 'In order that a judgment may constitute a bar to another suit, it must be *** determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or for want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' " *Costello*, 365 U.S. at 285-86, 5 L. Ed. 2d at 564-65, 81 S. Ct. at 545.

These precedents led the court to conclude:

> "It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral at-

tack, such as lack of jurisdiction over the person or subject matter. *We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim."* (Emphasis added.) *Costello*, 365 U.S. at 285, 5 L. Ed. 2d at 564, 81 S. Ct. at 544-45.

The court catalogued cases addressing the concept of a judgment bar to subsequent litigation and concluded that only those in which a defendant has been forced to meet plaintiff's claim on the merits are within the ambit of Rule 41(b).

The *Costello* court's test was simple: where a party is required to actively defend on the merits because there is no initial bar to the case, Rule 41(b) operates to ensure that the party's expenditure of effort is rewarded. On the other hand, where a statute prevents a trial court from even approaching the merits because a "precondition" to the court's jurisdiction is unmet, no such onus is presented, and Rule 41(b) ought not reward the party:

"We do not discern in Rule 41(b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition. All the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." 365 U.S. at 286, 5 L. Ed. 2d at 565, 81 S. Ct. at 545.

That factor was absent in *Costello*: the government's failure to file the affidavit affirmatively prevented the district court from reaching the merits. The same is true here: the only burden placed on Dr. Treister and the hospital in the initial proceeding was that of noting the absence of the mandated declaration. In substance, if not in form, Dr. Treister's motion to dismiss merely informed the circuit court that it lacked jurisdiction to go forward.

*McCastle* and *Costello* effectively distinguish the Illinois cases defendants rely upon, for those cases by their terms clearly hold that dismissals based on substantive defenses *are* adjudications on the merits. In *Muscare v. Voltz*, 107 Ill. App. 3d 841, 438 N.E.2d 620 (1982), *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 665 N.E.2d 1199 (1996), and *Bonanno v. La Salle & Bureau County R.R. Co.*, 87 Ill. App. 3d 988, 409 N.E.2d 481 (1980), the dismissals were predicated on the statute of limitations (*Voltz* and *Rein*), or were based upon

plaintiff's failure to file a timely pleading after an initial complaint was dismissed on the merits (*Bonanno*). Such dismissals *are* based upon substantive defenses (*McCastle*), as are dismissals for failure to prosecute (*Costello*). As such, they come within the ambit of Rule 273 (and Rule 41(b)), creating a *res judicata* bar. That is patently not the case with the failure to file a section 2—622 affidavit.

■ Where, as here, the dismissal is not attended by a hearing on the merits, but is predicated entirely on a plaintiff's mere failure to attach the report of a health professional to his complaint, it would, as the supreme court held in *Downing*, exalt form over substance to equate such a dismissal with an adjudication on the merits. The circumstances here are identical to *Costello*, and we follow that court's unassailable logic. Plaintiff did not append the required certification to his first complaint, mandating its dismissal. Dr. Treister's efforts in the circuit court in that case were limited to noting that deficiency; the result was fore-ordained. The second complaint remedied the deficiency and attested to the core fact that there was merit to plaintiff's complaint. We decline to deny plaintiff the opportunity to make his case in court simply because he exercised his right to test the statewide, avidly contested constitutionality of section 2—622 on appeal in the first iteration of this case.

### (C) The Dismissal of the Hospital

■ The hospital sought dismissal on two grounds: first, as did the doctor, it claimed a *res judicata* bar to the refiling; and it urged that since its liability was solely derivative of the doctor's liability, dismissal as to the doctor mandated its dismissal as well. *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 382 N.E.2d 1217 (1978). Because the initial complaint against the hospital was not dismissed with prejudice to refiling, the circuit court refused to apply *res judicata*. The hospital's argument based on its derivative liability, however, was sustained. In light of our holding on the propriety of Dr. Treister's dismissal, we must reverse the circuit court on the order pertaining to the hospital as well.

### III. Conclusion

Accordingly, for all of the foregoing reasons, the dismissal of the actions in this cause are hereby reversed, and we remand both matters to the circuit court for further proceedings consistent with the views expressed in this opinion.

BURKE, J., concurs.

JUSTICE DiVITO, dissenting:

I share the forcefully emphasized concern of the majority that there have been no hearings on the merits in this case. That a legitimate cause of action may have been lost is not a cause for celebration, especially where such tragic events as those alleged here exist.[5]

Nevertheless, I respectfully dissent from the majority's conclusion that *res judicata* does not bar the new complaint filed in this case.

The majority states that *McCastle* "suggests the controlling question: if section 2—622 is not a substantive defense, then what breed of animal is it?" 286 Ill. App. 3d at 34. *McCastle*, however, does more than suggest the controlling question. It answers it, as well: "Requiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate *a pleading requirement designed to reduce frivolous lawsuits* into a substantive defense forever barring plaintiffs who initially fail to comply with its terms." (Emphasis added.) *McCastle*, 121 Ill. 2d at 193.

*McCastle* thus teaches that, in both form and substance, section 2—622 is simply a pleading requirement. *McCastle*, 121 Ill. 2d at 193; see also *Rumer v. Zeigler Coal Co.*, 168 Ill. App. 3d 568, 574, 522 N.E.2d 830 (1988) (referring to "the pleading requirements" of section 2—622); *Thompson v. Heydemann*, 231 Ill. App. 3d 578, 582, 596 N.E.2d 664 (1992) ("[s]ection 2—622 is a technical pleading requirement"). Thus, a motion to dismiss for failure to comply with section 2—622 informs the circuit court merely that the pleadings are legally insufficient. It does not inform the circuit court that it lacks the *sine qua non* of jurisdiction—the authority to decide a case. See *City of Mattoon v. Stump*, 4 Ill. 2d 149, 151, 122 N.E.2d 250 (1954) (if a court lacks jurisdiction, it lacks the authority to decide a cause of action).

Our supreme court in *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992) (*DeLuna I*), also indicated that the requirements of section 2—622 are simply pleading requirements related to the facts that a plaintiff will ultimately have to prove at trial

---

[5]It is noteworthy that Rule 273 provides a method to challenge the validity of a statute while avoiding *res judicata*. That rule provides that an involuntary dismissal constitutes an adjudication on the merits, "[u]nless the order of dismissal or a statute of this State otherwise specifies" (134 Ill. 2d R. 273). In this case (and in future constitutional challenges) a ruling that the order of dismissal with prejudice did not operate as an adjudication on the merits would have allowed a constitutional challenge while preserving the right to a trial on the merits. See *Walters v. Yellow Cab*, 273 Ill. App. 3d 729, 738, 653 N.E.2d 785 (1995), *appeal denied*, 163 Ill. 2d 591, 657 N.E.2d 641 (1995).

and, as such, are not jurisdictional in nature. In that case, the court stated, "[a]s we have already demonstrated, [section 2—622] is essentially no different from the parallel requirement generally applicable in malpractice cases that the plaintiff in such an action present expert testimony to demonstrate the applicable standard of care and its breach." *DeLuna I*, 147 Ill. 2d at 73. Thus, although the supreme court in *dicta* recently referred to section 2—622 as a "condition" (*Miller v. Gupta*, 174 Ill. 2d 120, 126 (1996) ("the legislature has made the filing of a section 2—622 certificate of merit a condition of proceeding with a meritorious medical malpractice action")), to reconcile that statement with what it said in *McCastle* and *DeLuna I*, the court must have been referring to a pleading condition or requirement, not to a precondition that is jurisdictional in nature.

A motion to dismiss for failure to comply with section 2—622 is therefore appropriately analogized to a motion to dismiss for defects in pleading. Both motions to dismiss challenge the legal sufficiency of pleadings; they do not test the veracity or accuracy of the plaintiff's allegations. *Clay v. Little Company of Mary Hospital*, 277 Ill. App. 3d 175, 177, 660 N.E.2d 123 (1995). For example, although a section 2—622 affidavit may be challenged as insufficient for failing to set forth with particularity how a hospital deviated from the standard of care (*Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995, 1000 (1996)), there is no language in section 2—622 authorizing dismissal where the facts of an affidavit are inaccurate (*Thompson*, 231 Ill. App. 3d at 582).

Significantly, in this case, plaintiff's first action was dismissed with prejudice by choice—in order to obtain both the finality and appealability of the order. "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989). That the dismissal here was with prejudice, and thus final, was conclusively determined by the supreme court in *DeLuna I*.

The majority asserts (286 Ill. App. 3d at 32) that "dismissal with prejudice" and "adjudication on the merits" are not identical. Although no authority is cited for this proposition, the majority contends that it must be so because "[e]quivalence is not identity" (286 Ill. App. 3d at 32 n.3) and to say otherwise would create an internal inconsistency in Rule 273's language.

As for equivalence not being identity, precedent unfailingly shows that "dismissal with prejudice" and "adjudication on the merits" are used interchangeably. For example, although the majority relies on the American Heritage Dictionary in defining "tantamount" (286 Ill.

App. 3d at 32 n.3), it ignores the definition of "dismissal with prejudice" provided in Black's Law Dictionary: "Term meaning an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." Black's Law Dictionary 469 (6th ed. 1990). Similarly, the seventh circuit recently stated that "dismissal for failure to state a claim *** is an adjudication on the merits—in other words, a dismissal with prejudice." *Paganis v. Bronstein*, 3 F.3d 1067, 1071 (7th Cir. 1993), citing 9 C. Wright & A. Miller, Federal Practice & Procedure § 2373 (1973) (" 'with prejudice' is an acceptable form of shorthand for 'adjudication on the merits' "). In the absence of precedent to the contrary, there is no basis for distinguishing the terms here.

As for the so-called inconsistency in Rule 273, what is inconsistent about an exception? And does not a need to articulate an exception prove the existence of the rule?

I note that, in *Costello*, the order of dismissal did not specify whether it was with or without prejudice. *Costello*, 365 U.S. at 268, 5 L. Ed. 2d at 554-55, 81 S. Ct. at 536. In Illinois, a dismissal for lack of jurisdiction that is silent on the question of prejudice is deemed to be a dismissal without prejudice. *Norris v. Estate of Norris*, 143 Ill. App. 3d 741, 748, 493 N.E.2d 121 (1986). Thus, there is no basis for applying *Costello* in Illinois, where, as here, a dismissal is entered with prejudice at the request of a plaintiff who is fully capable of complying with a known statutory requirement.[6]

In any event, in Illinois, dismissal with prejudice for failure to state a claim "acts as an adjudication on the merits and the doctrine of *res judicata* bars a subsequent action between the same parties on the same claim or action." *Bentley v. Glenn Shipley Enterprises, Inc.*, 248 Ill. App. 3d 647, 649, 619 N.E.2d 816 (1993), *appeal denied*, 153 Ill. 2d 557, 624 N.E.2d 804 (1993); *Henstein v. Buschbach*, 248 Ill. App. 3d 1010, 1015, 618 N.E.2d 1042 (1993), *appeal denied*, 153 Ill. 2d 559, 624 N.E.2d 807 (1993). This is so even when, to use the words of *Costello*, the defendant has not incurred the "inconvenience of preparing to meet the merits." *Costello*, 365 U.S. at 286, 5 L. Ed. 2d at 565, 81 S. Ct. at 545.

Although a dismissal for failure to comply with section 2—622 is

---

[6]It should be noted that *Costello* has been criticized as involving "so slippery a method of manipulating the concept of jurisdiction." 18 C. Wright & A. Miller & E. Cooper, Federal Practice & Procedure § 4435, at 335 (1981). "The distorted use of 'jurisdiction' in the *Costello* opinion invites distorted response." 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4435, at 337 (1981). The application of the *Costello* holding in this case creates a slippery slope, one with potentially undesirable consequences.

necessarily brought under section 2—619 because the affidavit is other affirmative matter that does not appear on the face of the complaint (as opposed to one for failure to state a claim, which is properly brought under section 2—615 of the Civil Practice Law (735 ILCS 5/2—615 (West 1994)), a dismissal for failure to comply with section 2—622 is, in form and substance, one for deficiencies in a pleading. *McCastle*, 121 Ill. 2d at 193; see *DeLuna I*, 147 Ill. 2d at 73. As such, a dismissal with prejudice for failure to comply with section 2—622 pleading requirements operates technically as an adjudication on the merits under Rule 273. *Rumer*, 168 Ill. App. 3d at 572 (holding that, despite that fact, failure to comply with section 2—622 does not satisfy the favorable termination requirement of an action for malicious prosecution); *Bentley*, 248 Ill. App. 3d at 649.

The majority's decision has serious implications for all dismissals related to pleading deficiencies. Is a plaintiff now free to correct any defects in pleading after a dismissal with prejudice and an unsuccessful appeal simply by refiling the action within the statute of limitations? The majority's analysis demands an affirmative response. It thus strikes a fatal blow to the overarching purpose of both *res judicata* and dismissal of an action with prejudice: the promotion of finality in litigation.

The likely consequence of the majority's decision is suggested by considering the recent case of *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995 (1996). There, the court held that the trial court did not abuse its discretion in dismissing with prejudice the plaintiff's complaint for failure to comply with section 2—622 and in denying him the opportunity to replead. *Jacobs*, 284 Ill. App. 3d at 1000. The correctness of the holding in *Jacobs* aside, the majority's holding here permits the plaintiff in that case to refile his cause of action, notwithstanding the judgment of both the circuit and the appellate courts that his cause of action was no longer viable. Does "final, appealable order" have any future validity? Are reviewing courts destined to become advisory bodies?

Consider also that the majority's holding implicitly overrules the supreme court's rejection of plaintiff's request to order further proceedings in *DeLuna I*. There, because plaintiff chose to challenge the constitutionality of section 2—622, the supreme court declined to remand the case for further proceedings. *DeLuna I*, 147 Ill. 2d at 76. Notwithstanding that the supreme court has already found plaintiff's conscious choice dispositive and declined to remand for further proceedings, the majority's expansive interpretation of jurisdiction grants what the supreme court previously refused.

Relying heavily upon *Costello*, the majority answers the question

it poses by concluding that "[i]n substance, if not in form," a motion to dismiss for failure to comply with section 2—622 merely informs the circuit court that it lacks jurisdiction. 286 Ill. App. 3d at 37. Where a defendant fails to raise a plaintiff's failure to comply with section 2—622 in the circuit court, however, the issue is deemed waived on appeal. *Nikolic v. Seidenberg*, 242 Ill. App. 3d 96, 102, 610 N.E.2d 177 (1993); *Thompson v. Heydemann*, 231 Ill. App. 3d 578, 581, 596 N.E.2d 664 (1992). Because questions of subject-matter jurisdiction are never waived, *Nikolic* supports the conclusion that the failure to file a section 2—622 affidavit is not jurisdictional. Moreover, the supreme court has held that a mandatory affidavit requirement that may be waived, such as the one at issue here, is not jurisdictional in nature. *In re Custody of Sexton*, 84 Ill. 2d 312, 319, 418 N.E.2d 729 (1981) (discussing section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 610), which required that to modify a custody decree within two years of its entry, affidavits had to be filed that a child was endangered by his present environment).

For all the foregoing reasons, the majority's construction of section 2—622 should be rejected and the judgment of the circuit court should be affirmed.